WILLIAM H. QUINN et al., Appellants, v. WILLIAM HAR-DENBROOK, Respondent.

In the absence of a general devise in a will, in order that it may pass the title to real estate subsequently acquired by the testator, it must contain words indicating the intent of the testator that it should operate upon such real estate.

Where there are two equally probable interpretations of the language of a will, that one is to be adopted which prefers the kin of the testator to strangers.

Where a devise is to one who does not take by purchase, and could not take by inheritance, and is of lands *now* owned by the testator; as against the heirs, the word "now" will be construed to refer to the date of the will, not to the time of the testator's death.

The will of H. contained a devise to his wife of "all the real and personal estate I now possess;" also all that he might thereafter become heir to from two sources particularly specified. The testator died seized of certain real estate purchased by him subsequent to the execution of the will. *Held*, that the same did not pass by the devise, but descended to the heir-at-law.

(Argued May 7, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial district, affirming a judgment of the City Court of Brooklyn in favor of defendant entered upon the report of a referee.

This action was brought to determine a claim of title to certain real property in the city of Brooklyn. Theophilus Hardenbrook, late of that city, on the 10th day of October, 1842, made and executed his last will and testament. The only devise made therein was as follows: " I give, devise and bequeath unto my wife, Rebecca Margaretta, all the real and personal estate *I now possess* or may hereafter ever become heir to, either from the estate of George Rappalye, deceased cousin to my father, or from the estate of Trinity Church (versus) Anneka Janhs on the part of my mother, investing her with full power as my sole heir and administratrix to receive all and every part of the same, and no other person ; and likewise to dispose and devise of all the same at her death as she may think proper." Afterward, and on the 13th day of April, 1847, the testator acquired the title to the premises in question by purchase, of which he died seized, leaving him surviving the said Rebecca M. Hardenbrook, his widow, and his brother, the respondent, his only heir-at-law. Upon the death of Theophilus Hardenbrook his widow entered into possession of the premises in question under the will, and continued in possession thereof until her death, in 1866, leaving her surviving Susannah Macomb, her only heir-at-law, by whom this action was originally brought. She claiming that it passed at the death of Theophilus Hardenbrook by his will to his widow, who died seized thereof. The defendant claimed that the devise not being of all the real estate of the testator it did not operate to pass his title to the premises in question, the same having been acquired by him after the will was made and, hence, that he being the only surviving heir-at-law of the testator, is seized of the title thereto. The referee held that he was so seized, and judgment was entered accordingly. Susannah Macomb died after the appeal, and the action was continued in the name of the present plaintiffs as her successors.

*Samuel Hand* for the appellants. All the real estate passed, by the terms of the will, to the testator's widow. (2 R. S.,

57, § 5; Reviser's Notes, 5 R. S. [Edmonds' ed.], 366; *Wilder* v. *Holtzmeyer*, 5 Ves., 811, 816; *Bridgman* v. *Dove*, 3 Atk., 201; *All Soul's College* v. *Coddington*, 1 P. Wms., 597; *Van Vechten* v. *Van Vechten*, 8 Paige, 116; *Wagstaff* v. *Wagstaff*, L. R. [8 Eq. Cas.], 229; *Goodbad* v. *Bennett*, 1 K. & J., 341; *Garrison* v. *Garrison*, 5 Dutch. [N. J.], 153; *Ld. Lilford* v. *Powys Keck*, 30 Beav., 300; *Castle* v. *Fox*, L. R. [11 Eq. Cas.], 554; *In re Mid. R.*, 34 Beav., 525.) The intent of the testator to devise all his real estate is clearly denoted by all the terms of the will. (*Jepson* v. *Key*, 2 Hurl. & Colt., 872.)

*Philip D. Crooke* for the respondent. The word "now" in the devise of "all the real and personal estate I now possess" will not pass any future acquired property. (1 Redf. on Wills, 380; 2 id., 435, note 18, and cases cited; *Pope* v. *Whitcomb*, 3 Rus., 124; *In re Wright's Trusts*, 15 Beav., 367.) In order to pass real estate the testator acquired by purchase after the making of the will, it must contain language showing such an intent. (*Lyress* v. *Townsend*, 33 N. Y., 558; *Van Alstyral* v. *Sprodker*, 13 Wend., 582; *Pond* v. *Bergh*, 10 Paige, 149; *Havens* v. *Havens*, 1 Sand. Ch., 335.)

Gray, C. Prior to the revision of our statutes in 1830, a general devise of real estate would not pass the title to such lands as the testator acquired after the devise. (*Parker* v. *Bogardus*, 5 N. Y., 309–311, and cases cited.) But since the act in relation to wills and the proof of them (2 R. S., 51, § 5), every will, "made by a testator in express terms of all his real estate or in any other words denoting his intent to devise his real property, must be construed to pass all the real estate which he was entitled to devise at the time of his death;" but where the unlimited words of the statute are not used, there must be words in the will which will enable us to see that the testator intended that his will should operate upon real estate which he should afterward acquire (*Lynes* v.

*Townsend,* 33 N. Y., 558, 569); and where, as in this case, the controversy is between the heir of the testator and a stranger to his blood, whose only claim is that the testator intended to take from his heir his legal inheritance and vest it in one who, but for his will, had no other claim upon it than her dower interest, which ended with her life, the claim of the heir has the advantage in this, that if there be two equally probable interpretations of the will, that one is to be adopted which prefers the kin of the testator to strangers (4 Kent Com., 11th ed., 535, n. 4); or, as Lord ELLENBOROUGH expressed it, in *Doe* v. *Dring* (2 Man. & S., 445), the rule is peremptory that the heir shall not be disinherited unless by plain and cogent inference arising from the will. To the same effect the rule is stated in *Vankleek* v. *Dutch Church of New York* (20 Wend., 457, 571).

Admit that in reference to the real estate devised the word "now," as between those having equal claims upon the testator's bounty, might as well be construed to refer to the time of his death as to the date of his will; it would be otherwise as between the heir and one claiming under a devise to a party who did not take by purchase and who could not have taken by inheritance; in every such case, the word "now" should be construed to refer to the state of things existing at the date of the will, and that it did so refer is obvious from another consideration. The testator instead of devising, in express terms, all his real estate, or using equivalent words, arranged it in two classes, one of which was, such as he then possessed, and the other such as he might thereafter become heir to from either of two sources. Here was a manifest reference to a present and future estate; one which he then possessed and the other specific estates which he might in future inherit. If it had been the design of the testator that the word "now" should refer to the time of his death and not to the date of his will, and thus manifest his design to devise all his real estate, a separate devise for that which he might in future inherit was unnecessary if without it those estates would have passed under the devise

of all his real property "now" possessed by him; aside from these considerations there is no reason why language in wills which have not received a fixed and well understood construction, should not be construed according to its ordinary acceptation. By such construction, the word "now," unless qualified by something preceding or following it, would mean the present time, the date of its use, or to the existing state of things, or applying Lord Chancellor COTTENHAM's construction, in *Cole* v. *Scott* (16 Simons, 259), referred to in 1 Redfield on Wills (380, n. 4), in reference to the word "now" in the description of the estate devised, he said, "It appears to me just the same as if the testator had said, 'all the real estate of which I am on this tenth day of October, 1843, possessed.'"

On the argument stress was laid upon the expression of the testator investing his wife with full power as his sole heir and administratrix to receive all and every part *of the same*, and to dispose of and devise all of *the same* at her death. This obviously had reference to and was limited to such estate as he possessed at the date of the will or should derive from the sources referred to. I am of opinion that the judgment appealed from should be affirmed.

REYNOLDS, C. If this case is to be determined by applying to the provisions of the will of Theophilus Hardenbrook, the ordinary rules of construction, the judgment below must be affirmed. The will bears date October 10th, 1842, and the devise and bequest to his wife is of "all the real and personal estate I *now* possess or may hereafter become *heir to*, either from the estate of George Rappelye, deceased, cousin to my father, or from the estate of Trinity church (versus) Anneka Janhs, on the part of my mother." The devisee was invested with full power, as "my sole heir and administratrix, to receive all and every part of the *same*," and "likewise to dispose and devise of all the *same* as she may think proper." The real estate in controversy was purchased and conveyed to the testator after the date of the will and prior to his death, and the question is whether it

passed to the devisee named in the will or descended to the heir-at-law. If this will had been made before our Revised Statutes, no controversy could ever have arisen, for it would have been agreed that, as to real estate, the will spoke as of its date; while as to personal, it spoke as of the day of the death of the testator. In the one case, no real estate acquired after the execution of the will would pass to the devisee, and in the other, the legatee would take all the personal estate which the testator had at the time of his death, whether his at the date of the will or acquired afterward. This rule of the common law was very obstinate, and like another, which gave a devisee a life estate only when the devise was without words of perpetuity, was adopted in England out of supposed tenderness to the right of the heir-at-law, after the owners of real estate were permitted by statute, to dispose of it under certain restrictions, by last will and testament. It has been said many times, by eminent English judges, that adherence to these rules, in a majority of cases, defeated the intention of the testator, and yet, it is feared, that with some enabling aid of legislation, the supposed evil is not yet wholly eradicated.

Although the will in question was obviously written by a person not learned in the law, it cannot fail to be observed that language could scarcely have been more aptly chosen to restrict the devise to real estate *then* owned by the testator, or to that to which he might " become heir " from two sources particularly indicated, and he devised " the same " to his wife, and gave her full power to dispose of " the same " at her death. The maxim " *expressio unius exclusio alterius* " plainly applies.

Our Revised Statutes (2 R. S., 59; § 5) enacts that " every will that shall be made by a testator in express terms of all his real estate, or in any other terms, denoting his intent to devise all his real property, shall be construed to pass all the real estate which he was entitled to devise at the time of his death." The object of this statute was, unquestionably, to destroy the distinction between wills of real and personal estate in respect to the time when it was supposed to

"speak;" or, perhaps, it may be said to guard against the danger of having the will of the testator defeated, and in harmony with another provision of the same statute, that the intention of the testator should be observed, as gathered from a proper construction of the testament and not defeated by the application of technical rules.

In 1839 the English Parliament substantially adopted the same change in the law, by enacting "that every will shall be construed with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will." It is to be observed that in our statute, all the real estate of which the testator is seized at the time of his death, shall be deemed to pass to the devisee if it appear that the testator so intended; and in the English statute the will shall be held to pass all the real estate the testator had at the time of his death, "unless a contrary intention shall appear by the will." Although the *onus* of construction appears to be inverted, the principle of the two statutes is substantially the same.

It is argued in the present case, that because the testator has devised "all his real estate," the case is within the statute. This suggestion might be of force if the devise of the real estate had not been limited to all "I now possess," or that thereafter might be acquired by inheritance from two specific sources.

We think the principle decided by the Court of Appeals in *Lynes* v. *Townsend* (33 N. Y. R., 558), is decisive of the present case. In that case it was held that a devise of real estate universal in its terms, would carry after-acquired land without language pointing to the period of the testator's death, but that in the absence of unlimited terms in the will, there must be language which will enable the court to see that the testator intended to operate upon real estate which he should afterward purchase. In that case, DENIO, Ch. J., observes (page 570), "I agree that the reasons which have induced the English courts, in construing devises to lean in

favor of the heirs, do not exist with the same force in this country where we have no policy which favors the perpetuating of estates in a single male descendant; still, our law of descents points out the succession of real estate in case of intestacy, and we have no right to break in upon the course of succession unless we can see satisfactorily and clearly that the owner has appointed it differently."

The judgment must be affirmed, with costs.

All concur; LOTT, Ch. C., not sitting.

Judgment affirmed.