JANE D. BLAISDELL *vs.* BRYCE M. HIGHT.

Somerset. Opinion March 31, 1879.

*Will. Possessions. Devise. Intention.*

A testator, after bequeathing a support to his wife and sums of money to several children, declared thus: "I give and devise to my son, Albert G. Barnard, his heirs and assigns, all my real estate situate in Sidney aforesaid; also, all the residue of my personal estate and possessions of whatever kind or name." Many years afterwards a parcel of land, not situate in Sidney, unexpectedly descended to him from a brother: *Held,* that the latter real estate was not devised by the will, but upon the death of the testator descended to his heirs.

The word "possessions" may include real estate, if the context shows such to be the testator's intention.

ON REPORT.

WRIT OF ENTRY, in which the plaintiff seeks to recover one undivided sixteenth of the real estate described in the writ, as heir of her father, Alexander Barnard, who died January 14, 1877, leaving four heirs, of whom the plaintiff is one. Alexander Barnard, on the first day of July, 1856, made and executed a will of the following tenor:

" I. I give and bequeath to my wife, Betsy Barnard, a comfortable support during her life; and it is my will that she shall be furnished with meat, drink, lodging, clothing, medical attendance and nursing, and all other things necessary for her comfort and support, in sickness and in health.

" II. I give and bequeath to my daughters, Eliza P. Cleaveland and D. Jane Blaisdell, one dollar each, to be paid at my decease.

" III. I give and bequeath to my sons, George A. Barnard and Andrew C. Barnard, two hundred and fifty dollars each, to be paid them when they shall have attained the age of twenty-one years.

" IV. I give and devise to my son, Albert G. Barnard, his heirs and assigns, all my real estate situate in Sidney aforesaid; also, all the residue of my personal estate and possessions of whatever kind or name."

The will was duly probated before the commencement of this action.

Cromwell Barnard, a brother of Alexander, died about March, 1874, intestate, leaving four heirs, of whom Alexander was one. The real estate in dispute was a certain messuage situated in Skowhegan, in Somerset county, and owned by said Cromwell at time of his decease. The defendant has a valid deed from Albert G. Barnard purporting to convey the whole property described in the writ to the defendant, which deed has been given since the probate of said will, and by force of said deed the defendant claims to hold the whole of said property.

It was admitted by the defendant that the plaintiff is entitled to recover one-sixteenth of the property as demanded in the writ, unless the defendant has a valid title to the whole of said property by virtue of the provisions of said will and the aforesaid deed of Albert G. Barnard to the defendant.

Should the law court find that the demandant is the owner of one undivided sixteenth of the property described in the writ, judgment is to be entered for her; but if the court should hold that the defendant is entitled to the whole property by virtue of said will and the aforesaid deed, the plaintiff is to become nonsuit.

*S. S. Brown,* for the plaintiff.

*E. F. Pillsbury,* for the defendant, contended:

That the will indicated that the testator intended to make a full disposition of his property, and ought to receive that construction. R. S., c. 74, § 5. 2 Redf. Wills, 116. *Brimmer* v. *Sohier,* 1 Cush. 118. *Winchester* v. *Foster,* 3 Cush. 366. *Fisk* v. *Keene,* 35 Maine, 349. *Deering* v. *Adams,* 37 Maine, 264. *Cotton* v. *Smithwick,* 66 Maine, 360. The words, "situate in Sidney," are merely words of description, and not limitation. The concluding words, "and possessions of whatever name or kind," show an intention to dispose of everything not previously devised, and this general form of expression is sufficient to convey the estate. *Hopewell* v. *Ackland,* 1 Salk. 239. *Wilce* v. *Wilce,* 7 Bing. 664, and cases there, and before cited.

PETERS, J. The testator, after bequeathing a support to his wife, and sums of money to several children, added in his will

these words: "I give and devise to my son, Albert G. Barnard, his heirs and assigns, all my real estate situate in Sidney aforesaid ; also, all the residue of my personal estate and possessions of whatever kind or name." Many years after the will was made, an undivided fourth of a parcel of land, not situate in Sydney, descended to him from a brother. It is reasonable to suppose, as argued on both sides, that at the date of the will he had no expectation of such an inheritance. Nor does it appear that at that time he had any real estate outside of Sidney. The question is, does the will operate to devise this real estate not situate in Sidney. The claim that it does rests upon the idea that the words " situate in Sidney," undertake to describe, rather than to limit, the real estate to be devised, the testator meaning to devise all the real estate he had, or might have, wherever situated, and that the word " possessions " was used to embrace real, as well as personal, estate. The argument is aided by the suggestions, usually of force, that the presumption is that the testator intended to leave no possible property undisposed of, and that the policy of the law favors the rule of preferring a construction which will prevent intestacy.

Although the question is a nice one, we are constrained to think that, all things considered, this interpretation is not the correct one. We are to ascertain the real intent of the testator. It will be noticed that the will was drawn by some one tolerably familiar with the use of legal terms. The word " possessions " may, no doubt, include real estate, if so intended, though such would not be its technical signification. Bouvier so declares in his law dictionary. The words " all I may die possessed of," may include real estate ( *Wilce* v. *Wilce*, 7 Bing. 664), or may not (*Monk* v. *Mawdsley*, 1 Sim. 286), just according to the context with which the words are associated.

The writer of the will had used the term " real estate," describing the property in Sidney, and knew the force and meaning of it. The presumption is that, if he had intended to include other real estate in an after-description, he would have used the same term again. If he intended to leave all his real estate to his son, why should he have devised it in two parcels instead of including

it in a single description. If it was his intention to devise all lands then or ever to be possessed, he would have left off the qualifying words "situate in Sidney." And if by the word "possessions" he intended to include realty, there was no necessity of the other clause in addition to it. It has been held that, where the word "land" has been used in a preceding portion of a will and omitted in a later portion of the instrument, the omission of so important a word could not have been accidental. Redfield in his work on wills cites cases to that effect.

Had the testator intended to include real estate in the word "possessions," it strikes us forcibly that he would not have used the prefix "personal" at all, and the language would have been "all the residue of my estate and possessions." The words "of whatever kind or name" are not naturally descriptive of real estate, but usually apply to personal property. Lands are not of various kinds and names often. The word "personal" was manifestly used to qualify and describe both estate and possessions. Accomplished draughtsmen often use words somewhat tautologically in the effort to embrace every description of personal estate.

The defendant's counsel insists that a general intention existed in the mind of the testator to dispose of all the property he ever expected to have. The trouble is, that he has not employed words sufficient to carry that intention into effect. There may have been an omission. But the court are to construe and not make the will. After all, it is but conjecture that the testator would have made the favored son the devisee of still other real estate had he known he was to possess other. It might have led him to make an entirely different partition of his property among his children. In Roper's Leg. 1464, it is laid down that where a testator, in the disposition of his property, overlooks a particular event, which had it occurred to him he would have provided against, the court will not rectify the omission by implying or inserting the necessary clause. Then, it is a general rule that, if it is uncertain and doubtful whether the testator intended to devise real estate, the title of the heir must prevail. At common law, after-acquired interests in real estate would not pass by will. By our statute (R. S., c. 74, § 5,) they do, provided such appears to have been the

intention. *Bullard* v. *Goffe*, 20 Pick. 252, 258. *Gibbons* v. *Langdon*, 6 Sim. 260. *Goodchild* v. *Fenton*, 3 Yo. & Jer. 481. *Cooper* v. *Pitcher*, 4 Hare. 485.

*Judgment for demandant.*

APPLETON, C. J., DANFORTH, VIRGIN and LIBBEY, JJ., concurred.