THE EXECUTOR OF WILLIAM GARDNER, deceased,

*v.*

GEORGE B. GARDNER et al.

1. At common law, a will would not pass lands acquired by a testator subsequent to the date of his will.

2. By statute, lands acquired by a testator after the date of his will, will pass

by his will, provided it contains words sufficient to pass them had he owned them when he made his will.

3. But after-acquired lands will not pass under a will which declares that the estate given by it consists of personalty only.

On final hearing on bill and answer.

*Mr. James B. Vredenburgh,* for complainant.

*Mr. M. T. Newbold,* for defendants.

VAN FLEET, V. C.

The object of the bill in this case is to procure a construction of the will of William Gardner, deceased. The testator, after making certain specific bequests, and giving several pecuniary legacies of fixed amount, and directing the payment of his debts and funeral expenses, directs as follows:

NOTE.—General expressions in a residuary clause that will pass testator's personal property acquired after executing his will, do not pass after-acquired lands, *Loveren* v. *Lamprey, 22 N. H. 434, 442, and cases cited; Sharpe* v. *Allen, 5 Lea 81; Girard* v. *Philadelphia, 4 Rawle 323·Lyndes* v. *Townsend, 33 N. Y. 558;* see *Perry* v. *High, 3 Head 349; Russell* v. *Chelt, L. R. (19 Ch. Div.) 432; Dunlap* v. *Dunlap, 74 Me. 402; Douglas* v. *Douglas, Kay 400; Tolar* v. *Tolar (3 Hawks 74), 14 Am. Dec. 576, note.*

WHEN AFTER-ACQUIRED LANDS DO PASS.—Under a devise of the proceeds of lands directed to be sold by executors, *Byrnes* v. *Baer, 86 N. Y. 210.*

Where a testatrix, who, at the time, owned no real estate, made her will disposing of "all my property," *Cushing* v. *Aylwin, 12 Metc. 169.*

"All the balance of my property and effects," *Henderson* v. *Ryan, 27 Tex. 670.*

After a general bequest of personal property, "all my real estate now possessed by me," *Lent* v. *Lent, 24 Hun 436.*

"All that dwelling wherein D.·*now* resides," *Midland R. R. Co.* v. *Otley Branch, 34 Beav. 525.*

"All that part of a certain farm which I *now* own, lying east of the road &c.," *Garrison* v. *Garrison, 5 Dutch. 153;* see *Emuss* v. *Smith, 2 De G. & Sm. 722; Castle* v. *Fox, L. R. (11 Eq.) 542; Smith* v. *Puryear, 3 Heisk. 706.*

"The real and personal estate whereof I am in anywise seized or otherwise possessed, either in possession or reversion, which I have any power to dispose of," *Roney* v. *Stiltz, 5 Whart. 381.*

Gardner's Executor *v.* Gardner.

"I give and bequeath all the residue of my estate, which consists of personalty only, to my executor hereinafter named, in trust, to apply the income of the sum of two thousand dollars to my late wife's niece, Adriana Clements, for her own use during her natural life, or until she shall marry, and from and after her marriage until her death, to apply the income of one thousand dollars to her use; and upon the further trust, as to the residue of my estate, to apply the income of the one equal fifth part thereof to the use of my daughter Eleanor Jane, during her natural life, and at her death the said one-fifth to be divided equally among her issue."

The other four-fifths were directed to be held and disposed of substantially in the same manner. The testator, at the date of his will, owned no lands, but held mortgages on real estate to the amount of $3,500. He subsequently, in August, 1876, made a further loan of $1,500 to the mortgagor, and took a single mortgage on the same premises for the whole $5,000, but retained, uncanceled, the prior mortgages. This last mortgage was afterwards foreclosed and the mortgaged premises sold, at judicial sale, to the testator. He acquired title April 4th, 1878.

A testator, *possessed of only personalty,* gave "all the rest, residue and remainder of my goods, chattels, stock in trade, estate and effects of what nature or kind soever," *O'Toole* v. *Browne, 3 E. & B. 572.*

One having only the possession of lands in B., and owning neither lands nor personalty, gave H. the land whereon his (testator's) father lived, and the lands in B. and ten slaves, *Turpin* v. *Turpin, Wythe ( Va.) 137;* see also *Miller's Estate, 48 Cal. 165; Smyth* v. *Smyth, L. R. (8 Ch. Div.) 561; Harper* v. *Blean, 3 Watts 471; 1 Jarm. on Wills (R. & T. ed.) 604.*

When After-Acquired Lands Do Not Pass.—A devise of "all the real and personal estate I *now* possess," *Quinn* v. *Hardenbrook, 54 N. Y. 83;* see *Cole* v. *Scott, 1 Macn. & G. 518; Brewster* v. *McCall, 15 Conn. 274; Hutchinson* v. *Barrow, 6 H. & N. 583.*

A general charge on testator's "estate," *Warner* v. *Swearingen, 6 Dana 195.*

"Such worldly estate as it hath pleased the Almighty to bless me with," *Marshall* v. *Porter, 10 B. Mon. 1.*

After authority to dispose of property to pay his debts, a contingent gift of "the whole of my property," *Smith* v. *Edrington, 8 Cranch 66.*

After disposing of various articles of personal property, "should my executor find other property belonging to me not herein anywise disposed of," *Newell* v. *Toles, 17 Hun 76.*

A testator gave to his sister a tract of forty acres, all the land he then owned, and gave to his mother "all my other property, consisting of horses, cattle, hogs and money and effects whatsoever," *Smith* v. *Hutchinson, 61 Mo. 83.*

"All my real estate situated in S., also all the residue of my personal estate and possessions of whatever kind or name," *Blaisdell* v. *Hight, 69 Me. 306.*

Gardner's Executor v. Gardner.

His will bears date May 21st, 1875, and he died May 19th, 1879. The question the complainant asks to have decided is, Whether the lands thus acquired by the testator passed by his will.

At common law, a devise of land was held to be in the nature of a conveyance, and to pass nothing the testator did not own at the date of his will. Land acquired after the date of the will did not pass. *1 Jarm. on Wills* (*R. & T. ed.*) *155; Bruen* v. *Bragaw, 3 Gr. Ch. 261.* This rule has, however, been changed by statute. A statute passed in 1851 declares that real estate acquired by a testator after making his will shall pass by any general or special devise, or sale under any power of sale contained in the will sufficient to include it, had the same been acquired before the making of the will, unless a contrary intention be manifest on the face of the will. *Rev. p. 1248 § 24.* But for the statute, it is clear the lands in question would not have passed. But the statute says though acquired after the making of the will, they shall pass under the will if the will contains words which would have passed them had they been owned by the testator at the date of his will. Now, it is obvious this will contains no such words.

---

" The balance of my estate remaining in Carolina to be collected and sold and equally divided among my lawful heirs," *Meador* v. *Sorsby, 2 Ala. 712;* see *Jepson* v. *Key, 2 H. & C. 873; Miles* v. *Miles, L. R. (1 Eq.) 462; Cox* v. *Bennett, L. R. (6 Eq.) 422.*

Where a testator devised all the remainder of his real estate, and then enumerated the lands comprised in such remainder, *Crombie* v. *Cooper, 22 Grant's Ch. 267, 24 Id. 470.*

Whether a gift of a mortgage will pass the land covered thereby, which land was afterwards acquired by testator, *Van Wagenen* v. *Brown, 2 Dutch. 196; Ballard* v. *Carter, 5 Pick. 112; Brigham* v. *Winchester, 1 Metc. (Mass.) 390; Martin* v. *Smith, 124 Mass. 111; Woods* v. *Moore, 4 Sandf. 579; Pruden* v. *Pruden, 14 Ohio St. 253; Yardley* v. *Holland, L. R. (20 Eq.) 428;* see *Lanning* v. *Cole, 2 Hal. Ch. 102; Scaife* v. *Thompson, 15 S. C. 337; Warren* v. *Taylor, 56 Iowa 182; Napton* v. *Leaton, 71 Mo. 358; Leeds* v. *Munday, 3 Ves. 348; Hancock* v. *Hancock, 22 N. Y. 568; Humphreys* v. *Humphreys, 2 Cox 184.*

How far a devise executed before the statute authorizing after-acquired lands to pass, is controlled by a codicil executed after that enactment, *York* v. *Walker, 12 M. & W. 591; Emuss* v. *Smith, 2 De G. & Sm. 722; Jones* v. *Shewmaker, 35 Ga. 151; Smith* v. *Puryear, 3 Heisk. 706.*—REP.

Gardner's Executor v. Gardner.

If the testator had owned these lands at the date of his will, there can be no doubt, I think, that they would not have passed, for he says, very plainly, that the property on which this clause of his will shall operate "consists of personalty only." Real estate is distinctly excluded by his statement that the residuary estate which he gives to his executor "consists of personalty only." To hold that the will passed real estate, in spite of so plain a declaration of his intention, would be giving effect to the will contrary to the intention of the testator manifest on the face of his will. If we say the words "which consists of personalty only" were used by the testator simply to describe the nature or character of his property at the date of his will, and not to indicate the property which it should pass, we do not advance a single step towards the construction contended for by the complainant, for, before we can say that the will passed the lands, it is indispensable, according to the statute, that we should find words in the will sufficient to include the lands. That cannot be done where the words of the will plainly say that the property given "consists of personalty only."

My judgment is that the testator died intestate as to the lands in question. This construction, I think it is quite probable, does not give effect to the testator's latest intentions, but the court, in endeavoring to find out what disposition the testator intended to make of his property by will, can look at nothing but his written words, and whatever he has said in writing, in conformity to the requirements of the statute, must be declared to be his last and only will. The law gives effect to no other.