## KNOWLTON *v.* ATKINS.

*(Supreme Court, General Term, Second Department.* April 12, 1890.)

ESTATES—CREATION—FEE-SIMPLE.

> A grantee executed a declaration of trust reciting that the trust was for the sale of the land for the benefit of the grantor's widow and two children; that when the youngest child became 21 years old the trust should terminate, and the estate be conveyed to the children subject to their mother's dower rights; and that, "in case of the death of both of said children before the age of maturity, then I am to convey all and every part of said property then remaining unsold, and to pay over all income and proceeds of sales in my hands," to the grantor's widow "for her sole and separate use and benefit, forever." *Held,* that the children took a fee-simple estate under the trust, subject to their mother's right of dower.

Appeal from judgment on report of referee.

Action by Frank B. Knowlton, as heir at law of two deceased nephews, children of Osman W. Atkins and of plaintiff's deceased sister, Cordelia Atkins, against Thomas J. Atkins—*First,* to compel a conveyance to him by defendant of such portions of certain real estate in East New York, Kings county, as the defendant held in trust for Cordelia Atkins and her children, as had not been sold and disposed of by the defendant pursuant to the power contained in a declaration of trust made by him as to the property; and, *secondly,* for an accounting as to the proceeds of such portions of the said property as had been sold and conveyed by him. The declaration of trust executed by defendant, and referred to in the opinion, recited that the lands had been conveyed to defendant "for the purpose of enabling the grantee to sell and dispose of said property for the benefit of the widow and children of said Osman W. Atkins in the case of his decease;" and defendant thereupon covenanted that he had taken and that he held the property "in trust only for the uses and purposes" which, in his declaration, defendant proceeded to recite. The first of these was to sell the property as in his judgment should be for the best interest of the widow and the two children, and to hold the proceeds of sale in trust for them; the second was to collect the rents, and apply them to the use of the widow, as to one-third, during her life, and to the use of the two children, as to the remainder, during their minorities; the third was to terminate the trust at the trustee's option, if the widow should give her written consent, and thereupon to convey the unsold real estate to the two children subject to the "life use" of Mrs. Atkins in one-third, with the provision for an estimate and payment of the present value of such life use; and the fourth was that, upon the attainment by the younger or survivor of the two children, of the age of 21 years, he should convey to the two children, "as joint tenants, in equal proportions, * * * all of said property then unsold, subject to the dower rights of said Cordelia." The third and fourth clauses also provided that the proceeds of sale of some or all of the real estate should be held and disposed of for the same purpose, and upon like conditions, as the corresponding real estate itself would have been held or disposed of. The power to terminate the trust under the fourth clause was never exercised, and was soon extinguished by the death of Mrs. Atkins. The sixth and seventh clauses also became unimportant. The fifth and remaining clause was in these words: "In case of the death of both of said children before the age of maturity, then I am to convey all and every part of said property then remaining unsold, and to pay over all income and proceeds of sales in my hands, (deducting charges and expenses,) to said Cordelia, for her sole use and benefit, forever." The referee held that the fifth clause was a grant of an estate to Mrs. Cordelia Atkins "for her sole and separate use and benefit," to ripen into possession upon "the death of both of said children before the age of maturity;" that the estate thus granted to her was descendible and devisable, and, on her death before her children, descended to them, and that, on the death of the children during infancy, it was

only the estate thus descended from their mother that they could transmit by inheritance; and that it would therefore go to their maternal uncle in preference to their paternal uncle, such uncles being their next of kin. A judgment was entered in accordance with the referee's opinion, and defendant appeals.

*Howard St. C. Wait,* (*Wm. W. MacFarland,* of counsel,) for appellant. *S. A. & D. J. Noyes,* (*James B. Ludlow,* of counsel,) for respondent.

BARNARD, P. J. Osman W. Atkins, on the 7th day of September, 1871, conveyed a large landed estate to his brother, the defendant. The deed was absolute. The grantor had a wife and two very young children. The consideration expressed was $3,000, and the wife of the grantor joined in the deed. In November following, and after the death of Osman W. Atkins, the defendant executed a declaration of trust in the land. In September, 1872, another declaration of trust was executed by defendant in respect to the same land. The declarations are substantially alike. The trust was expressed to be for the sale of the land for the best interest of widow and children of grantor, in the judgment of the trustee. One-third of the income was to go to the widow for life, and the remaining two-thirds to be equally divided between the two children of grantor. The trust was to terminate when the youngest child should be 21, and then the estate was to be conveyed to the children subject to the dower rights of grantor's wife, and the proceeds of land sold were to be paid over to the children after the widow's claim therein was paid. The declaration of trust contains this clause, out of which the controversy arises: "*Fifth.* In case of the death of both of said children before the age of maturity, then I am to convey all and every part of said property then remaining unsold, and to pay over all income and proceeds of sales in my hands, deducting charges and expenses, to said Cordelia, for her sole use and benefit, forever." The widow died in 1873. The two children were both drowned in 1881, at the ages of 10 and 11 years, respectively. The widow took no remainder in the estate which existed if she died before the children, and they died during their minority. The scheme of the transaction was to create a title for the better management of the lands during the minority of the children. One-third of the proceeds was to go to the widow, and the two-thirds was to be applied to the necessities of the children. The trustees could, by the terms of the trust, terminate the same with the wife's assent, and convey the lands to the infants "subject to the life-use of said Cordelia in one-third thereof." The trustees could, by the terms of the trust, pay a gross sum to the widow, and then convey to the children and to their heirs forever, equally. By the terms of the deeds of trust, when the trust terminated by the limitation of the same the conveyance was to be made to the children, "subject to the dower rights of the said Cordelia." The provision that the mother shall take in case of the death of both children during minority was not intended to create an estate in her, unless she survived the children. This contingency never happened. If she had survived her children, the trust-deeds would have carried the estate to her, and so would the statutes of descents, without the deed. In other words, the wife and children would be left, as to the succession, as if no deeds existed. *Hennessy* v. *Patterson,* 85 N. Y. 91. The gift over was of land to one John Foley, if the testator's daughter die without child or children. Foley died before the daughter, and the daughter left no children at her death. The court of appeals held that Foley had a contingent remainder which vested in him at the death of the testator, and which descended to his heirs. The case is not an authority for the judgment appealed from. If the construction be held that no estate was created in the widow except her dower rights, there was no contingent or expectant estate to be considered, under the case of *Hennessy* v. *Patterson.* The dower right, of course, would not be such an estate, under the circumstances proven in the

case. The law formed a construction which caused the land to descend in the course of ancestral blood. *Quinn* v. *Hardenbrook*, 54 N. Y. 83; *Wood* v. *Mitcham*, 92 N. Y. 375.

We conclude, therefor, that the widow, at the time of her death, left no estate, expectant or contingent, which survived her. These views render unnecessary an examination into the evidence claimed to support a finding that one of the children survived the other. The judgment should therefore be reversed, and a new trial granted at special term; costs to abide event.