## FRANK B. KNOWLTON, Respondent, v. THOMAS J. ATKINS, Appellant.

*Declaration of trust — limitation over upon the death of the children — the beneficiary must survive the children.*

By a declaration of trust in lands it was provided that the lands were to be sold for the best interests of the widow and children of the grantor; one-third of the income to go to the widow for life and the remaining two-thirds to be equally divided among two children of the grantor, the trust to determine when the youngest child should be twenty-one, when the estate was to be conveyed to the children subject to the dower rights of the widow; and, further, "in case of the death of both of said children before the age of maturity, then I am to convey all and every part of said property then remaining unsold, and to pay over all income and proceeds of sales in my hands, deducting charges and expenses, to said Cordelia (the mother), for her sole use and benefit forever."

The widow died in 1873, the two children in 1881, at the ages of ten and eleven years, respectively.

*Held,* that the provision that the mother should take, in case of the death of both children during minority, was not intended to create an estate in her unless she survived the children.

*Hennessy* v. *Patterson* (85 N. Y., 91) distinguished.

That the widow, at the time of her death, left no estate, expectant or contingent, which survived her.

APPEAL by the defendant Thomas J. Atkins from an interlocutory judgment, entered in the office of the clerk of the county of Kings on the 4th day of November, 1889, with notice that on the hearing of said appeal the General Term would be moved for a new trial, upon the exceptions taken in the action, under section 1001 of the Code of Civil Procedure.

The action, and the issues joined therein, were referred to a referee to hear and determine the same, who found as conclusion of law:

"That the defendant convey to the plaintiff by deed, to be approved as to form by the court, an undivided three-quarters of the lands described in the complaint, originally conveyed to the defendant by Osmin W. Atkins, the elder, and which have not been conveyed by the defendant, and also of the lands since conveyed to the defendant in exchange for lands formerly of the elder Atkins, which the defendant has conveyed; that, upon the accounting herein, it be duly ascertained for the purpose of such conveyance to be made by the defendant, which of the lands so originally conveyed to him

he has conveyed, and what lands he has received in exchange therefor; that the defendant account to the plaintiff herein for, and upon the accounting be charged with, three-fourths of all the proceeds of such sales of the premises, whether in money or lands or in any other form received by the defendant; that as to the property conveyed as aforesaid by Osmin W. Atkins, the elder, or received as aforesaid by the defendant in exchange, the defendant also account to the plaintiff for, and upon the accounting be charged with, three-fourths of all income thereof which has been received by him since the 7th of September, 1871, and which is in his hands, or ought lawfully to be there; that upon the accounting the defendant be allowed three-fourths of all reasonable payments he has made for taxes, assessments, insurances and otherwise, in properly preserving and caring for the property until the present time; and that the defendant be also allowed, in addition to his payments, three-fourths of a reasonable compensation for his services as trustee and in charge of the property until the commencement of this action; that the plaintiff recover from the defendant the amount which, upon such accounting, shall be found to be due to the plaintiff from the defendant; or if the amount of the allowances so made to the defendant shall exceed the amount of the charges so made against him, that he have a lien upon the real estate so to be conveyed by him to the plaintiff for the excess of the allowances, and that in such case the payment of such excess, if not paid by the plaintiff, may be enforced by the defendant by a sale under the direction of the court herein of the premises so conveyed, or a sufficient portion thereof or otherwise as the court may direct; and that the question of costs and all other questions be reserved until the final judgment herein."

*W. W. Mac Farland*, for the appellant.

*James B. Ludlow*, for the respondent.

BARNARD, P. J.:

Osmin W. Atkins, on the 7th day of September, 1871, conveyed a large landed estate to his brother, the defendant. The deed was absolute. The grantor had a wife and two very young children. The consideration expressed was $3,000, and the wife of the grantor

joined in the deed. In November following, and after the death of Osmin W. Atkins, the defendant executed a declaration of trust in the land. In September, 1872, another declaration of trust was executed by defendant in respect to the same land. The declarations are substantially alike. The trust was expressed to be for the sale of the land for the best interest of the widow and children of the grantor in the judgment of the trustee. One-third of the income was to go to the widow for life, and the remaining two-thirds to be equally divided between the two children of the grantor. The trust was to terminate when the youngest child should be twenty-one, and then the estate was to be conveyed to the children subject to the dower rights of the grantor's wife, and the proceeds of land sold were to be paid over to the children after the widow's claim therein was paid. The declaration of trust of September, 1872, contains this clause, out of which the controversy arises.

"*Fifth.* In case of the death of both of said children before the age of maturity, then I am to convey all and every part of said property then remaining unsold, and to pay over all income and proceeds of sales in my hands (deducting charges and expenses) to said Cordelia, for her sole use and benefit forever."

The widow died in 1873. The two children were both drowned in 1881 at the ages of ten and eleven years, respectively. The widow took no remainder of the estate which existed if she died before the children, and they died during their minority. The scheme of the transaction was to create a title for the better management of the lands during the minority of the children. One-third of the proceeds was to go to the widow and the two-thirds was to be applied to the necessities of the children. The trustees could, by the terms of the trust, terminate the same with the wife's assent and convey the lands to the infants, "subject to the life use of said Cordelia in one-third thereof." The trustees could, by the terms of the trust, pay a gross sum to the widow, and then convey to the children and to their heirs forever equally.

By the terms of the deeds of trust, when the trust terminated by the limitation of the same, the conveyance was to be made to the children "subject to the dower rights of the said Cordelia." The provision that the mother shall take, in case of the death of both children, during minority, was not intended to create an estate in

her, unless she survived the children; this contingency never happened. If she had survived her children, the trust deeds would have carried the estate to her, and so would the statute of descents without the deeds. In other words, the wife and children would be left as to the succession as if no deeds existed.

In *Hennessy* v. *Patterson* (85 N. Y., 91), the gift over was of land to one John Fooley if the testator's daughter die without child or children. Fooley died before the testator and the daughter left no children at her death. The Court of Appeals held that Fooley had a contingent remainder, which vested in him at the death of the testator and which descended to his heirs. This case is not an authority for the judgment appealed from. If the construction be held that no estate was created in the widow, except her dower right, there was no contingent or expectant estate to be considered under the case of *Hennessy* v. *Patterson.* The dower right, of course, would not be such an estate under the circumstances proven in the case. The law favored a construction which caused the land to descend in the course of ancestral blood. (*Quinn* v. *Hardenbook*, 54 N. Y., 83; *Wood* v. *Mitcham*, 92 id., 375.)

We conclude, therefore, that the widow at the time of her death left no estate expectant or contingent which survived her. These views render unnecessary an examination into the evidence claimed to support a finding that one of the children survived the other.

The judgment should, therefore, be reversed and a new trial granted at Special Term, costs to abide event.

DYKMAN and PRATT, JJ., concurred.

Interlocutory judgment reversed and new trial granted at Special Term, costs to abide event.