### *In re* DWIGHT'S ESTATE.

### *In re* LEE.

(*Supreme Court, General Term, Fifth Department.* October 21, 1892.)

WILLS—CONSTRUCTION—BEQUEST TO DEBTOR.

A bequest of all debts, dues, and demands held by testatrix against the executor and his wife does not include a bond and mortgage given by them, and owned by testatrix at her death, where it appears that the executor and his wife were indebted to testatrix on other accounts; that testatrix knew that a third person, who had purchased the mortgaged premises from the executor, had assumed payment of the mortgage, and had retained out of the purchase price a sum equal to it; that her estate was small; and that the chief object of her bounty was her only child, a son 12 years old, whom she had no possible reason of depriving of the bond and mortgage, amounting to one fourth of her estate, in favor of the executor and his wife, who were strangers to her, and had no claims on her bounty.

Appeal from surrogate's court, Allegany county.

John E. Lee, as executor of the will of Carrie E. Dwight, was on the final settlement of his accounts compelled by the decree of the surrogate to account for a certain bond and mortgage as assets of the estate. From that decree he appeals. Affirmed.

The decree was entered February 9, 1892, and determined that the sum secured to be paid by a bond and mortgage given April 3, 1885, by John E. Lee, the executor, and his wife, Emma A. Lee, to Edward J. Farnham, and by Farnham assigned to the testatrix, did not belong to the executor, and that he should account for the same as assets of the estate. On the 11th day of July, 1889, Carrie E. Dwight, then residing at Wellsville, N. Y., made and published her last will and testament, and in the month of October following she died. The will was duly admitted to probate. It provided for the purchase of a lot in the cemetery, the erection of a suitable headstone, the payment of funeral charges and expenses of administering the estate, the payment of her debts, and bequeaths her property as follows: "I will, devise, and bequeath to Effie Dwight my organ, family Bible, one set of silver teaspoons, one bed and bedding. I will and bequeath two oil paintings and willow rocking chair to Mrs. Nett Goff, of Potter county, Pa. I will and bequeath to my sister, Mrs. Nina Hulbert, all my wearing apparel. I will and bequeath to John E. Lee all debts, dues, and demands, of name, nature, or kind soever, I hold against him and his wife; my trunk; and any keepsakes he may wish. I will, devise, and bequeath to my dear and beloved son, Joseph N. Dwight, my gold watch and chain; best bedroom set and bed, complete; silver-plated knives and forks; and all the rest, residue, and remainder of my estate, except the remainder of my household furniture, which is to be divided as my executor thinks best, or sold. In case the same is sold, the proceeds to belong to my son." The will then provides for the appointment of a guardian to take charge of the property for the son, and invest the same, and pay to him yearly or oftener the interest for his education and support, and appoints John E. Lee executor. Mrs. Dwight was at the time of making her will and at her death a widow. Joseph was her only child, and only next of kin. Her estate was worth about $7,000. It appears by the decree entered that, after allowing for all the increase, the total amount of the property to be distributed, including the bond and mortgage in controversy, was $5,994.20. In April, 1885, Mrs. Lee and her husband, John E. Lee, gave to Edward J. Farnham a bond conditioned to pay the sum of $1,200, and as collateral thereto gave a mortgage upon lands in Pennsylvania. In September, 1887, Farnham assigned the bond and mortgage to the deceased, who

continued to own the same until the time of her death. In April, 1888, Mrs. Lee and her husband conveyed the mortgaged lands to S. E. Crittenden. Crittenden retained out of the purchase price of the land a sum equal to the amount of the mortgage, with interest. On the 12th of April, 1889, Crittenden paid to John E. Lee, as agent for the deceased, $25, to apply upon the interest on the mortgage. Mrs. Lee was indebted to Mrs. Dwight at the date of the will in the sums of $170 and $53, in addition to her indebtedness upon the bond aforesaid. Mr. Lee owed the deceased at the time of her death 75 cents. There was unpaid upon the bond and mortgage at the date of the inventory $1,246.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Caleb S. Hall,* for appellant. *Clarence A. Farnum,* for respondent.

LEWIS, J. The question is, were the bond and mortgage included in the bequest to John E. Lee? It is true, as contended by the appellant's counsel, that the language of the will is sufficiently broad to carry the bond and mortgage to Lee, but we are at liberty, in giving construction to this provision, to look at the surrounding circumstances, the situation, condition in life, of the testator, the amount of the estate, and the condition of those naturally dependent upon her bounty. Where there are two equally probable interpretations of the language of a will, "that one is to be adopted which prefers the kin of the testator to strangers." *Quinn* v. *Hardenbrook,* 54 N. Y. 83; *Wood* v. *Mitcham,* 92 N. Y. 375. Words in general, whether technical or popular, are to be taken in their plain and usual sense, unless a clear intention to use them in another sense can be collected, and that sense ascertained. Schouler, Wills, § 472. A broad or restricted meaning may be given words to arrive at the intention. The terms that are used in a will are to be construed according to the ordinary acceptation of language in the transactions of mankind. Williams, Ex'rs, § 1080. The bequests to Effie Dwight, who, we assume, was a relative of the deceased, and to her sister and Mrs. Goff, were of small value. She was providing in her will for the education and support of her only child, 12 years of age. The amount that she could leave him in any event was small. His welfare was undoubtedly the chief thing she had in mind. No reason appears why she should give to Mr. Lee, who, so far as appears, had no claim upon her bounty, nearly one fourth of her entire estate. Had she intended to bequeath to Lee the bond and mortgage, she would naturally have mentioned them specifically. A person learned in the law would have understood that the words used included the bond which represented the indebtedness, and carried the mortgage given as collateral to it, but it may well be doubted if Mrs. Dwight so understood it. Mrs. Dwight knew that the real estate upon which the mortgage was a lien had been transferred to Crittenden. He had, three months before she made her will, paid interest thereon to Mr. Lee, the testatrix's agent. We assume that he paid it to Mrs. Dwight, as it was his duty to do. Knowing that Crittenden had purchased the land upon which her mortgage was a lien, and that he intended to pay the mortgage, she undoubtedly had been informed that he had retained from the purchase price a sum equal to the amount of the mortgage. Under the circumstances, she would naturally look to him as the person to pay the mortgage, and not to Mr. and Mrs. Lee. The language used in the bequest to Lee, to the comprehension of a person in the station of life of Mrs. Dwight, would include only the indebtedness of Mr. and Mrs. Lee, mentioned, amounting to $200, and a small amount due from Lee. As she intended to make Mr. Lee the executor of her will, she was willing to forgive him and his wife their indebtedness to her, but had not in mind, we think, to include the bond and mortgage. Such a purpose on the part of the testatrix would excite surprise and inquiry as to her reasons for giving so large a proportion of her estate to one having, so far as appears, no claim upon her bounty, to the detri-

ment of a son, whose welfare, we must assume, was a matter of solicitude to her. This construction makes the plan and purpose of the will harmonious. The construction given to the will by the surrogate meets with our approval, and the decree appealed from should be affirmed, with costs to the respondent, to be paid out of the estate. All concur.