1818.

M'Kinnon
v.
Thompson.

---

## M'Kinnon *against* Thompson and others.

A testator must have a legal or equitable title in the land devised, at the time, otherwise nothing pasess by the devise. A subsequently acquired title will not pass by it.
Where a devise fails for want of title in the devisor, the devisee will not be relieved out of other parts of the estate, though the devisor had a judgment which was a *lien* on the land.

Feburary 2.

On the coming in of the report of the Master in this cause, before whom the defendants were decreed to account, a question was raised on the report. It appeared that the testator, by his will, dated the 12th of *March*, 1806, after devising several parts of his real and personal estate, added the following clause: "I do will and direct, that the rents, issues and profits of my house and lot of ground in

Mulberry-street, now under lease, shall be received by my executors herein after named, until the determination of said lease, in whatever way the same may be determined, and such rents, issues and profits, shall be applied to the maintenance and education of my said grand children, *John* and *Catharine*, and after the determination of said lease, the said house and lot shall be sold by my executors herein after mentioned, at such time and in such manner as they may deem expedient, who s all make such deeds, releases, or other assurances in the law, to the purchaser or purchasers thereof, as may be advised; and the avails thereof I do direct them to pay to my said grand son *John* and grand daughter *Catherine*, or the survivor of them, when they shall severally attain the age of twenty one years; and in case of the death of my said grand son and grand daughter, without leaving lawful issue, that the avails shall be paid to my said nephew, and the children of *John Reid*, before mentioned, equally, and their assigns." In a subsequent part of the will, the testator made this residuary devise : " I do will, bequeath and devise all the residue of my real and personal estate, to my son *Neill*, and my grand children *John* and *Catherine*, their heirs and assigns, and to the survivor and survivors of them, equally."

The facts relative to the house and lot above mentioned, appeared, from the Master's report, to be as follows.

On the 30th of *March*, 1806, the testator was seized in fee of the said house and lot, and on that day, conveyed the same to his daughter, the wife of *Ignatius Redmond*, in fee ; that on the 12th of *August*, 1809, *Redmond* confessed a judgment to the testator, to secure the payment of a debt of 2,500 dollars ; that nothing was ever paid upon the judgment; that on the 12th of *October*, 1809, *Redmond* and his wife duly conveyed the house and lot to *George White*, who, on the 13th of *October*, 1809, re-conveyed it to *Redmond*, in fee ; that

on the 28th of *October*, 1809, a mortgage on the lot from *Redmond* and wife to *J. Kelso*, to secure 750 dollars, was registered, and the mortgage debt remained unsatisfied; that *Redmond's* wife died the 26th of *October*, 1809, and *Redmond* himself on the 14th of *February*, 1810; that after *Redmond's* death the testator took possession of the house and lot, and received the rents, and continued in possession until his death; and that shortly before his death, which was in 1816, he leased the house and lot, for 14 years.

The plaintiff is the testator's son mentioned in the residuary clause; the defendants are the executors, and the bill was for an account. By a decree of the first of *September*, 1817, the defendants were directed to account to the plaintiff for one third of the residue of the real and personal estate, and upon such accounting, the Master considered the judgment debt against *Redmond*, as personal estate.

A question was raised, between the parties, upon this report, to whom belonged the judgment debt, or the house and lot on which it was a *lien*, at the time of the will.

*Van Wyck*, for the plaintiffs, contended, that the defendants must account for the judgment debt against *Redmond*, as part of the residuary personal estate, of which one-third was given to the plaintiff, and the residue to the two grand children; and that the devise of the house and lot, or the proceeds, of the sale thereof, to the two grand children, was null and void, inasmuch as the testator had no title to the house and lot when the devise was made.

*Baldwin*, for the devisees, contended, that the intention of the testator was clearly declared, that the house and lot, which the testator must have substituted for the judgment debt charged upon it and considered it as his own, should go exclusively to the grand children.

THE CHANCELLOR. The devise of the house and lot was null and void, inasmuch as the testator had no legal or equitable title to it at the date of the devise. The judgment debt was a lien, but gave no title; even that lien could not have been enforced by execution against the land, except on a deficiency of goods and chattels. *Redmond* may have had personal property, at the time, sufficient to satisfy the judgment. But that circumstance is not material. A devise is in the nature of a conveyance, or an appointment of a specific estate, and nothing passes, but what the testator owned at the time of the devise. No rule is better settled, than that which declares, that the testator must have a legal or equitable title in the land devised at the making of the will, or nothing will pass. A title subsequently acquired is of no avail. All that courts of equity have done, is to consider an equitable interest founded on articles for a purchase, and which equity would enforce, as real estate which will pass by a devise. But here it is also requisite, that the agreement to purchase should exist prior to the devise. (*Langford* v. *Pitt.* 2 P. *Wms.* 629. *Greenhill* v. *Greenhill, Prec. in Ch.* 320. *Potter* v. *Potter,* 1 *Vesey,* 437. Lord *Rosslyn,* in 2 *Vesey,* jun. 427. Lord *Eldon,* in 7 *Vesey,* 147, 399.) Where a devise thus fails for want of a title at the time, the court cannot relieve the devisee out of other parts of the testator's estate. A deficiency in a specific legacy, (and every devise is necessarily specific,) is never supplied in that way. The gift totally fails. (*Ashton* v. *Ashton, Cases temp. Talbot,* 152. 2 *Vesey,* 569. *S. P.*)

Nor can the devise of the house and lot be considered or allowed to operate as a bequest of the judgment debt. There is no colour for such a construction, and no necessary connection between the one subject and the other. If that was the testator's intention, it may be said *quod voluit non dixit.* The plain result of the case is, that the devise, as to the house and lot, is void, and the defend-

ants' must account to the plaintiff for the one third part of the judgment debt.

Decree accordingly.