DAVID WADE, TREASURER OF HAMILTON COUNTY, FOR THE USE OF SAMUEL MCHENRY, *v.* THOMAS GRAHAM ET AL.

Securities of an administrator are liable on their bond, for the proceeds of lands sold by the administrator, under an order of court for the payment of debts.

THIS was an action of debt on an administrator's bond. The facts are thus stated : This suit was brought on the bond of the administrator of Daniel Symmes, executed at the time of the appointment of the administrator, to recover the amount of a judgment in favor of Samuel McHenry, a creditor of the estate. On the trial before the jury, the plaintiff offered in evidence the proceeds of the real estate of the intestate, sold by the administrator by order of the court, *to which evidence the defendants [127 objected. The objection was overruled by the court and the evidence admitted, and a verdict given for the plaintiff. For this supposed mistake of law the defendants moved a new trial, and the decision of the motion was adjourned here from the county of Hamilton.

J. W. PIATT, for plaintiff.

N. WRIGHT, for defendants.

By the COURT:

The condition of an administrator's bond is, that he shall faithfully perform all the duties required of him. Section 18 of the act (prescribing the duties of administrators), directs, most explicitly, the distribution of the "assets," arising from the sale of real estate by an administrator. .It requires the funeral expenses, and those of the last sickness, with the cost of the administration, to be paid; secondly, judgments rendered in the lifetime of the intestate, and lastly, distribution of the residue amongst the creditors. Nothing can be clearer than that the condition of an administrator's bond was intended to secure, to all interested in the estate, every duty which the law enjoins upon that officer. Certain duties are required of him respecting the distribution of assets arising from the sale of lands; can it be doubted that his bond secures fidelity in the performance of them? If the terms of the statute, however, left a doubt as to the extent of the liability of the administrator, and his security upon the bond, more than twenty years' uniform practice and usage have made it cover money arising from the sale of real as well as personal property. It is true, when the court grant an order to sell real estate, they have the power, for the security of heirs and creditors, to require from the administrator what security they may deem proper, respect being had to the value of the estate. When letters of administration are granted, it can not always be known that a necessity exists for the sale of real estate, to discharge the debts of the intestate. The penalty of the bond, therefore, is usually required in double the amount of the personal *property. This amount is frequently insufficient to cover the assets arising from the sale of lands; and sometimes the securities become irresponsible for the additional sums. The legislature, contemplating these things, gave a discretionary power to the courts to require what security they might deem proper, when they granted an order for the sale of real estate. This appears to be a reasonable exposition of the legislature's intention, and it is the same it has uniformly received in practice. When the penalty of the bond is sufficient, and the obligors have been considered responsible, no other se-

curity has been demanded by the courts; when they were not, an additional bond has been taken before the order of sale granted; the administrator is held liable on his bond to the same extent, for money arising from the sale of real estate as for the proceeds of personal property. The proceeds of the former are, to all intents and purposes, assets as well as the latter. They are both appropriated in the same manner, and when land is turned into money, it is instantaneously assets, according to the legal acceptation of the term. The case of Truman *v.* Anderson and others, 11 Mass. 190, has been cited as an authority in point for the defendant. The question submitted in that case was whether the bond of an administratrix was forfeited for her neglect to apply for a license to sell the real estate of her intestate, for the payment of his debts. This is not the case here. The question to be decided by the court is, whether the administrator and his security are liable for the proceeds of real estate, *actually sold,* and which came into the hands of the administrator. It will be sufficient to decide the point determined by the Supreme Court of Massachusetts when presented. It clearly does not arise in this case. In deciding the point under consideration, we rely upon our own practice, which has given construction to our statutes, and, it is believed a correct one, according to the principles of sound policy and just reasoning. It is the opinion of the court the condition of an administrator's bond covers all assets, to the extent of the penalty, at least, whether personal, or arising from the sale of real estate. Motion overruled.

Judgment on the verdict.

