## CANFIELD and CHAPMAN *vs*. FORD.

Where a deed conveyed to the grantee, and to his heirs and assigns forever, all the mines, ores, minerals and metals in or upon certain lands described therein, together with the right to raise, work and carry away the same ; and the right to put up all buildings, and to use all lands that might be necessary for the purpose specified ; and the right of ingress and egress thereto, and therefrom, for the purpose of digging and working and carrying away said mines, ores, minerals and metals ; and all the estate &c. of the grantors of, in, and to the said mines, ores, minerals and metals ; to have and to hold the said mines, ores, minerals and metals, to the grantee, his heirs and assigns forever ; *Held* that the estate conveyed was an estate of inheritance, and was such an interest as comes within the intent and meaning of the provisions of the revised statutes relative to *partition ;* and that an action would lie for the partition of such interest.

The supreme court, as now constituted, has common law jurisdiction to partition real estate.

In a suit between tenants in common, for the partition of an interest in real estate, which has been carved out of the fee, the owner of the fee, who is the common source of title to all the tenants in common, is not a necessary party.

THIS was an appeal from a judgment entered upon the trial of the action at the St. Lawrence circuit, before a justice of this court, without a jury, in June, 1857. The action was for partition of real estate. Jonathan Fuller was originally the owner in fee simple, and the common source of title to the lands and premises in question. On the 6th November, 1847, Fuller and wife conveyed to Chillion Ford, the defendant, the interest in the lands in question, in three parcels described in the deed. The terms of the deed, with the covenants therein, sufficiently appear in the opinion.

Chillion Ford, on the 8th February, 1856, by a like deed as to form and covenants, conveyed to John Canfield one undivided half of his interest in the said three parcels of land. On the 19th January, 1857, John Canfield and wife by a like deed as to form and covenants, conveyed two undivided third parts of his one-half interest in said estate to the plaintiff Richard B. Chapman. Canfield and Chapman then bring an action for partition against Ford, the owner of the other half.

The respective interests of the parties are correctly set forth in the complaint. The other facts in the case are fully stated in the opinion of the court.

*Bishop Perkins,* for the appellant.

*W. C. Brown,* for the respondents.

*By the Court,* POTTER, J. The only real question to be decided in this case is, whether the parties to this action have such an estate or interest in the lands in question, as is susceptible of partition by action?

It is conceded that Jonathan Fuller was the original source of title, and that he owned the entire estate in fee simple, in quantity and quality, and that the conveyance from him to the defendant, and from the defendant Ford to Canfield, and from Canfield to Chapman, in form and covenants, are alike. It is therefore sufficient to set forth one of these conveyances. On the 6th November, 1847, Fuller and his wife conveyed by deed to Chillion Ford the defendant "and to his heirs and assigns forever, *all* the mines, ores, minerals and metals, lying or being in, or upon the lands of the parties of the first part, situate, lying and being in the town of Depeyster, in the county of St. Lawrence, [describing three parcels of land,] together with the right to raise, work, and carry away said mines, ores, minerals and metals. And the right to put up all buildings, and to use all lands that may be necessary for the purposes aforesaid. And the right of ingress and egress thereto, and therefrom, for the purpose of raising, digging and working and carrying away said mines, ores, minerals and metals as aforesaid. And all the estate, right, title, interest, claim and demand whatsoever of the parties of the first part of, in and to the above granted mines, ores, minerals and metals. To have and to hold the above mentioned and described mines, ores, minerals and metals, to the said party of the second part, his heirs and assigns forever;" with a covenant

to warrant and defend the same, in the usual form of a deed of warranty.

The revised statutes provide, that when several persons shall hold and be in possession of any *lands, tenements* or *hereditaments,* as joint tenants, or as tenants in common, in which one or more of them shall have estates of *inheritance,* or for life or lives, or for years, any one or more of such persons being of full age, may apply to the court for a division or partition of such premises, according to the rights of the respective parties interested therein, and for sale of such premises, if it shall appear that a partition cannot be made without great prejudice to the owners. Is the interest in question such an interest as comes within the meaning and intent of this statute? Either of the terms employed in this statute would seem to include the estate of the parties in this action. "*Land,*" in its most general sense, comprehends any ground, soil or earth, whatsoever, as meadow, pastures, woods, moors, waters, marshes, furzes and heaths. (*Co. Litt.* 4 *a.*) It includes all things of a permanent and substantial nature; not only the face of the earth, but every thing under it or over it. (2 *Bl. Com.* 18.) "*Cujus est solum ejus est usque ad cœlum, et ad inferos.*" *Tenements* is a word of greater meaning and extent, sometimes, than land, and includes not only *land,* but rents, commons, and several other rights and interests issuing out of or concerning land. (1 *Steph. Com.* 158, 9.) "*Hereditaments*" is a still more comprehensive term in law, and includes whatever may be inherited, corporeal or incorporeal. (2 *Bl. Com.* 17.) These terms, therefore, seem to be comprehensive enough to include the estate in question. I think there can be no doubt that the estate in question is an estate of *inheritance.* It is so by the very terms and forms of the grant. The difficulty suggested upon the argument was, how to describe this estate, so carved out of the whole fee. If it is an estate that can be partitioned, the precise description is not very material, nor is the question as to what would be the rights of the parties after partition, at all neces-

Canfield *v*. Ford.

sary to be discussed here. The latter question does not arise in this review. The counsel for the defendant has argued, with great force, that the right or interest which was conveyed as above stated is not a fee simple. In this, I think, he is mistaken upon authority. (2 *R. S.* 722, § 2.) It is not, however, necessary that it should be a fee simple, to entitle to partition. Whatever estate it may be, the owner has such an interest in it that he can maintain trespass *quare clausum fregit* for any wrong done to it. (*Worcester* v. *Green*, 2 *Pick.* 429.) True, Lord Coke says, "an inheritance in fee simple expresses the largest estate that a man can have in land." But *Littleton* says, "This doth extend as well to all fee simples conditional and *qualified*, as to fee simples pure and absolute, for our author speaketh here of the ampleness and greatness of the estate, and not of the *perdurableness* of the same, and he that hath a fee simple *qualified* hath as *ample* and *great* an estate, as he that hath a fee simple absolute. So as the *diversity* appeareth between the *quantity* and the quality of the estate." (*Littleton*, 18 *a.*) And so also *Plowden* says, " that two fees simple *absolute*, cannot be at the same time of one and the self same land." (*Plowd*. 349.) That is, the mines, ores and minerals being land, a man may have a fee simple in them as well as he who holds the soil that remains unconveyed may have a fee simple, for they are not the self same land. A man may have a fee simple not only in lands, but also in advowsons, common, estovers, and other incorporeal hereditaments. So if a man grants to another all woods, underwoods, timber trees, or others, saving the soil, the grantee has a *fee* to take in " *alieno solo*." (*Crabbe on Real Property*, § 964.) The estate so partitioned, therefore, is an estate of inheritance, a fee simple. It is limited in quantity, not in quality. It is carved out of a fee simple absolute, and the latter having lost this *quantity* of estate, is itself qualified to that extent, without losing its quality of a fee simple. The estate in controversy, I think, may also be classified among estates, as a " corporeal hereditament ;" and

comes within the definition of that estate, to wit, " Such hereditaments as are of a material and tangible nature, such as may be perceived by the senses, consisting wholly of substantial and permanent objects, and may be comprehended under the general denomination of lands only." (*Steph. Com.* 159. *Bouv. Dict.* 288.)

The class of cases referred to by the learned counsel for the defendant, which may not be partitioned, are cases of mere license, or authority to enter upon another's land, and to do a particular act, or series of acts, without possessing any estate in the land. Such interests, it is true, cannot be partitioned. This class of cases is nearly allied to, and very often confounded with, a still superior interest in real property, called an *easement,* which is described as " a liberty, privilege or advantage in land, existing distinct from an ownership in the soil, and is founded on a grant by deed, or writing, or upon prescription, which supposes one, being a permanent interest in another's land, *without profit,* with a right at all times to enter and enjoy it." (3 *Kent's Com.* 452.) Such an interest, possibly, may not be partitioned. The distinction between the two classes of cases last above mentioned, and that of a permanent *grant* for a good consideration, of an interest in lands to be used for profit, to a man, and to his heirs and assigns forever, is palpable. There is still another distinction found in the old law books, existing in regard to estates of *inheritance.* Entire estates of inheritance *not divisible,* and estates that are *divisible,* and yet shall not be parted or divided between coparceners. Among the examples given of them, is found the following. If a man have reasonable estovers, as housebote, haybote, &c. appendant to his freehold, they are so entire, as they shall not be divided between coparceners." (*Co.* 164 *b.*) " So too of a pischarie incertaine, or a commons sauns nombre, or of a corody incertaine." (*Id.*) Another instance cited by Littleton, of estates that shall not be partitioned, is this: Lord Mountjoy, being seised of the manor of C. did by deed indented and enrolled, bargain and

Canfield *v.* Ford.

sell the same to one Browne in fee, in which indenture was contained a clause on the part of Browne, amounting to a grant by him of an interest and inheritance to Lord Mountjoy, his heirs and assigns, *to dig for ore in the lands,* (which were a great waste,) parcel of the said manor, and to dig for turf, also for the making of alum. In this case *three* points were resolved upon by all the *judges,* viz: *First.* That this conveyance did amount to a grant of an interest and inheritance to Lord Mountjoy, to dig, &c. *Second.* That notwithstanding this grant, *Browne* and *his heirs and assigns* might dig also, and like to a case of common *" sauns nombre."* *Thirdly.* That the Lord Mountjoy might assign his whole interest to one, two or more, but then if there be two or more, they could make *no division* of it, but work together with one stock. (*Co. Lit.* 164 *b.*)

It will be seen that the reason given by the *judges,* why partition could not be made in the case above cited, does not at all apply to the case in question. First, the exclusive right or all the right to mines, ores, &c. was not granted in that case, but *a mere right or permission to dig &c.,* the grantor and his assigns might also dig; and second, the extent of the grant being *uncertain,* the grantee might *surcharge,* to the injury of the tenant of the land. Interests uncertain in their extent, could never be partitioned. In the case now in question, the tenant would be bound to take the estate, subject to the terms of the conveyance, granting the exclusive right to all the mines &c., and of the right to put up *all* buildings, and use *all* lands that may be necessary for the purposes expressed, and the right of ingress and egress thereto and therefrom. The terms of the grant, by construction, being taken most strongly against the grantor, and the whole interest in the mines &c. being conveyed, it is immaterial to the grantor whether one person with fifty or more laborers, or fifty or more persons singly, should dig thereon, provided they use no more of the land than is necessary for the pur-

Canfield *v.* Ford.

pose of digging &c. all the mines, ores, &c. This is a *certain* grant, and no difficulty occurs in making equality of division.

But if the provisions of our revised statutes are not broad enough to include the power to partition, it has been settled that this court, as now constituted, has common law jurisdiction to partition real estate; (*Story's Eq. Jur.* §§ 646, 658. *Smith* v. *Smith,* 10 *Paige,* 470 ;) limited however to the power to divide estates *certain.* It is only necessary in a court of equity, to entitle to partition, so far as this point is in question, to show that equality can be obtained, in value, of lands ; especially in advantages and profits redounding from each share to the several owners. (*Allnat on Part.* 10.) Whatever is capable of being divided may be the subject of partition in equity. (*Id.* 84.) The only remaining question raised in the case is, whether the owner of the fee qualified in quantity, out of which the estate in question was carved, ought not to be made a party to the action. The statute (2 *R. S.* 318, § 5,) requires that the petition (complaint) shall set forth the rights and titles of all persons interested therein, &c. What interest can Fuller, the grantor of this estate, have in the estate, which by deed he has conveyed away ? In the estate sought to be partitioned he has no interest whatever. The partition in no respect affects the title of Fuller. He is not a tenant in common with the parties to the suit. They own separate portions of the estate, in severalty.

I think the judgment must be affirmed.

Judgment affirmed.

[FRANKLIN GENERAL TERM, September 14, 1858.   *C. L. Allen, James, Rosekrans* and *Potter,* Justices.]