AMETRANO v. DOWNS et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1901.)

WILLS—ADEMPTION OF LEGACIES.

A taking of land by eminent domain, and the receipt and retention by the owner of the money awarded therefor, constitute an ademption, which will prevent the devisee of the land under a former will from taking the money on the death of the testator.

Appeal from special term, Kings county.

Suit by Elizabeth F. Ametrano, individually and as administratrix with the will annexed of Margaret Shelley, deceased, against Henry T. Downs and others, for the construction of a will. From a judgment in favor of the defendants (67 N. Y. Supp. 128), plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

John M. Rider, for appellant.

Alfred D. Lind, for respondents.

WOODWARD, J. Margaret Shelley, deceased, made, executed, and published her last will and testament on the 12th day of March, 1891. By this will she undertook to dispose of her property,—the sole beneficiary being the plaintiff herein,—in the following words:

"Second. I give, devise, and bequeath my one-half interest in the building known as number twenty-two (22) Oliver street, in the Fourth ward of the city of New York, unto my daughter Lizzie, wife of Emanuel Ametrano, of the city of Brooklyn, county of Kings, state of New York, and to her heirs and assigns, forever."

Mrs. Shelley owned the one-half interest in the property mentioned as tenant in common with her husband, and in 1896 the city of New York, acting under its power of eminent domain, instituted proceedings for the condemnation and purchase of this property. On the 12th day of June in that year the report of the commissioners in condemnation proceedings was confirmed, and the real estate was taken by the city; and although it appears that there was some informality, Mrs. Shelley not having been brought into the proceeding, the plaintiff waived this question upon the trial. It was conceded that she received one-half of the net proceeds of the sale, after the payment of an outstanding mortgage, and that the sum of $4,900 was deposited to her credit in the Washington Trust Company on February 8, 1897. On September 21, 1898, Mrs. Shelley drew $119.04 interest and $400 of the principal from this fund; and on February 21, 1899, she died, leaving an estate consisting of the $4,500 remaining of the proceeds of the sale of the Oliver street property under the condemnation proceedings. Upon the trial of the action, brought for the purpose of getting a judicial construction of the will, the learned court at special term held that the sale of the specific real estate devised to the plaintiff operated to revoke the clause of the will above set forth, and from the judgment entered an appeal comes to this court.

Our attention is directed to many expressions of the rule that in the construction of wills the intent of the testator must be sought and given effect, where such result is not contrary to the law, and it is urged with much force that the intent of the testatrix to dispose of all her property is clearly evidenced in the will now before us. The question presented here, however, is not what was the intention of the testatrix, but has she used language which, under the circumstances, will convey the personal property to this plaintiff? There is no question, under the authorities, that a sale of the property on the part of the testatrix before her death would have operated to revoke the devise; but it is urged that a different rule may prevail, because of the fact that the property was taken under condemnation proceedings. While we find no direct authority upon this point in the adjudicated cases in this country, we are of opinion that, as all property is held subject to the right of eminent domain, the reason of the rule extends to the case at bar, and that the judgment of the special term should be affirmed. By the provisions of 2 Rev. St. p. 65, § 47:

"A conveyance, settlement, deed, or other act of a testator, by which his estate or interest in property, previously devised or bequeathed by him, shall be altered, but not wholly divested shall not be deemed a revocation of the devise or bequest of such property; but such devise or bequest shall pass to the devisee or legatee, the actual estate or interest of the testator, which would otherwise descend to his heirs, or pass to his next of kin; unless in the instrument by which such alteration is made, the intention is declared, that it shall operate as a revocation of such previous devise or bequest."

But section 48 continues:

"If the provisions of the instrument by which such alteration is made, are wholly inconsistent with the terms and nature of such previous devise or bequest, such instrument shall operate as a revocation thereof."

Clearly a conveyance by due process of law is wholly inconsistent with the devise of the property contained in the will of plaintiff's testatrix, and it can hardly be doubted that it operates as a revocation of the devise. While the intention of the testatrix is to be looked for in the will, and relates to the time of its execution, the general rule is well established that the will speaks as of the date of the testator's death, in reference to property, and until that event the specific subject of the gift is undefined; and, when it occurs, the devisee takes that, and only that, which would otherwise have descended to the heirs. Under the operation of this rule, no question of revocation is raised by an intermediate sale of lands owned by the testator at the date of the will; for these, in contemplation of law, are not within the terms of the gift. McNaughton v. McNaughton, 34 N. Y. 201, 204. If the testatrix in 1891 had been possessed of the $4,500 in bank, and had willed this sum to the plaintiff, and in 1896 had used this money to purchase the Oliver street property, it would hardly be held that the plaintiff could follow the fund into the real estate. It is a well-established rule of law that when the thing which is the subject of the legacy is taken away, so that when the testator dies, though the will purports to bestow the legacy, the thing given is not to be found to answer the bequest, ademption takes place. It has been extinguished, if a specific debt, by having been paid to the testator himself; if an article of property, by its sale or conversion. "This," to quote the court in the case of Beck v. McGillis, 9 Barb. 35, 57, "is ademption. Whether or not it has taken place is a conclusion of law, and does not depend upon the intention of the testator." When the question is settled, and it is determined that the testator intended to give a specific thing, and not a general legacy, then the intention of the testator has nothing further to do with the question of ademption. This is entirely a rule of law, and the rule is that the legacy is extinguished if the thing given is gone. Beck's Case, supra. It is true, of course, that ademption relates only to a specific legacy, but no reason suggests itself why a different rule of law should apply to a specific devise of real estate, and this was the doctrine of the case above cited. So, in Philson v. Moore, 23 Hun, 152, 155,—a case somewhat analogous,— it was said that "the law is well settled that if a testatrix devise real estate, and sell the same before the will takes effect, the proceeds of the will become personal estate, and no court can substitute the money received by testatrix for the land devised;" citing authorities. In the case now before us the specific property had been sold. The testatrix had received the money for the same, and had appropriated a portion of it to her own uses, while the remainder was on deposit at a bank, subject to her order. By receiving the money without questioning, and making use of the same, the sale of the property was ratified by the testatrix, and became as much her act as though the sale had been voluntary. She held the fund resulting from this sale for over two years as personal estate, without making any disposition of the same. We know of no power in this court to hold that this personal property of the testatrix passed under a devise of a specific piece or parcel of real estate. The testatrix did not own

the real estate; she had no interest in it; and, as the will undertook to devise the particular property described, we are of opinion that it ceased to have any effect upon the consummation and ratification of the sale by the testatrix.

The judgment appealed from should be affirmed, with costs. All concur.