AUGUSTUS J. LAUENSTEIN et al., executors,

*v.*

ELIZABETH LAUENSTEIN et al.

[Decided May 19th, 1917.]

Where a testator bequeathed a business which she did not own, but which owed her money, the legatee is not entitled to the amount the business owed the testatrix, as a satisfaction of the legacy.

---

On bill, &c.

*Mr. Charlton A. Reed,* for the executors.

*Mr. Elmer King,* for Edward Kelly, guardian.

*Mr. Benjamin W. Ellicott,* for Thomas J. Conlon.

STEVENS, V. C.

This is a bill for the construction of the third paragraph of the codicil of the will of Julia Kelly. It reads as follows:

"Third, A part of my estate consists of the stock, equipment &c of the business known as Dover Auto Supply House located on Blackwell Street in Dover, N. J.; this, subject to the debts and obligations thereof, I give and bequeath to my son Thomas Conlon,·who is now associated in the management thereof."

"This is an absolute bequest to him and not subject to the restrictions placed on his share of the residue in my said will. It is my will however that this bequest to the amount of twenty five hundred dollars be considered as paid to him out of the residue of my estate and to said extent as on account of his share thereof."

There can be no doubt that looking only to the language of the bequest the legacy is specific. It has, however, been judically determined by this court that the "stock, equipment," &c., of the business did not belong to the testatrix but to her husband. Consequently, the gift failed. *M'Kinnon* v. *Thompson, 3 Johns. Ch. 307; Marshall* v. *Hadley, 50 N. J. Eq. 547.*

But it is said that on the peculiar circumstances, if the legatee cannot have the business, he is entitled to have what the business owed his mother for advances. It appears that testatrix was desirous of giving her son a start. For this purpose she contributed the money with which a considerable part of the stock and equipment were, at the beginning, purchased. The business was to be carried on in the name of the "Dover Auto Supply House," and to this end Mrs. Kelly's husband, pursuant to the act of May 17th, 1909, filed in the county clerk's office a certificate in which he stated that he, Edward Kelly, intended to conduct the business of dealer in auto supplies, &c., and that the true name of the person who was to transact it was himself. He was a man of pecuniary responsibility, and the goods, bought from

time to time, were largely purchased on his credit. The legatee, Thomas, was made the active manager and he conducted the business under the general supervision of his father. Mrs. Kelly received interest on the money advanced by her, a part of which was repaid. It was ascertained by the decree of this court that at the time of her death Mr. Kelly owed her estate a balance of $2,029.40.

The contention is that Thomas Conlon is entitled to the immediate payment of this sum, as a substitute for the business which testatrix intended to give him—a business she, no doubt, believed to be hers, because of the money she had contributed. The legal aspect of the matter is this: The stock and equipment belonged to her husband. He was her debtor for the money lent. By her will she gave this stock and equipment expressly subject to "the debts and obligations thereof." Thomas, taking the business, was to take it subject to debts, one of which was the debt due to herself. The debt in question was not a benefit to the business but a burden. Thomas was, according to the language of the will, not to receive it, but to pay it. To hold that a gift of the business, subject to its debts, was a gift of the money which the legatee would have been under the necessity of thus paying, if he had taken it, would be impossible. He certainly would not take under the words of gift. In *Marshall* v. *Hadley, supra,* Vice-Chancellor Van Fleet held that a gift of land, which neither at the time of the making of the will nor afterwards the testator owned, did not include a gift of a mortgage upon the land which he *did* own; and in *M'Kinnon* v. *Thompson, supra,* Chancellor Kent decided that a devise of land not owned by testator could not operate as a bequest of a judgment debt charged upon the land in his favor. These cases are much more favorable to the contention than the one in hand. Here testatrix, so far from giving, imposed an obligation to pay.

I think that Mr. Conlon's claim to the money cannot be sustained.