In the Matter of the Accounting of DOROTHEA BARNETT, as Executrix of AGNES M. CHARLES, Deceased, Respondent. FRANCES VAN ALST, Appellant; CATHERINE CHARLES et al., Respondents.

Second Department, January 14, 1957.

120

*Michael Goldberg* and *Hyman Stein* for appellant.

*William J. Glinnen* for Catherine Charles and others, respondents.

No appearance for Dorothy Barnett, respondent.

WENZEL, J. The will executed in 1947 was simple and the estate small. Provisions were made for the respondent Barnett and the appellant, who were daughters of the testatrix and for the respondents Charles who were her adopted daughters. The testatrix devised and bequeathed her house in Howard Beach, specifically described as to location by street and number, "together with its furnishings," to the respondent Barnett. She bequeathed her jewelry to the respondents Charles in equal shares.

Paragraph Third of the will, now in issue, provides: " I give, devise and bequeath my house at Wading River, Long Island, together with its contents, to my daughter, Frances Van Alst, for her own use absolutely and in fee simple." The building owned by the testatrix in Wading River was a small summer bungalow.

By the residuary clause, she devised and bequeathed all the rest, residue and remainder of her estate, real and personal, of which she might die seized or possessed, or to which she might be entitled at the time of her death, to appellant and respondents Charles, in equal shares.

After the will had been executed, the United States Government, in a condemnation proceeding, took title to this real property in Wading River and made an award of about $2,000 to the testatrix. Under a plan offered to the landowners whose houses had been condemned, they were permitted to purchase the buildings for about $200. The testatrix availed herself of this opportunity and purchased the bungalow. In 1952, she made an agreement to purchase some land about five miles away, but in Wading River. She had the building moved and set on a new foundation. She entered into possession and paid the periodic installments due under her contract for the purchase of the land. However, at the time of her death, title had not closed and legal title had not vested in her. Appellant's statement that it will be conceded that the balance due for the purchase price of the lot was about $150, is not denied.

The decree provides that " the devise of property as expressed in paragraph Third was adeemed by the taking in a proceeding in eminent domain and the house and lot purchased with the proceeds of the award passed to the residuary beneficiaries."

The basic issue to be determined is whether the property which was the subject of the devise and the bequest was in the estate of the testatrix at the time of her death. If it was not, there was an ademption of the legacy (*Beck* v. *McGillis,* 9 Barb. 35, 56; *Ametrano* v. *Downs,* 62 App. Div. 405, affd. 170 N. Y. 388). While the term *ademption* has often been applied to real property as well as to personal property (2 Words and Phrases, Ademption, pp. 532–533), in some cases it has been held that the term is not properly applicable to devises of real property (*Burnham* v. *Comfort,* 108 N. Y. 535; *Ametrano* v. *Downs, supra*). Whether or not the term is properly applicable to the real property in the matter now before us, the principles applicable to an ademption of a bequest are applicable to the devise. Unless the property devised or the thing bequeathed

was found in the estate of the testatrix at the time of her death, the will was necessarily inoperative as to that provision. There is no doubt that the appellant would not have been entitled to any of the proceeds of the condemnation award found in the estate of the testatrix (*Ametrano* v. *Downs, supra*). But in this case, the testatrix repurchased her building and moved it to a lot, which she had purchased or contracted to purchase, in Wading River.

In connection with the application of the principles of ademption in this case, consideration must be given to the pertinent statutes (Decedent Estate Law, §§ 14, 20, 37–40; Real Property Law, § 250), and particularly to section 14 of the Decedent Estate Law which provides that "Every will that shall be made by a testator, in express terms, of all his real estate, or in any other terms denoting his intent to devise all his real property, shall be construed to pass all the real estate, which he was entitled to devise, at the time of his death."

It is easy to go astray as to the proper application of the principles of ademption when a sense of justice is disturbed or when one strives to carry out the intention of a testatrix (see, e.g., *Matter of Ireland,* 231 App. Div. 288, revd. 257 N. Y. 155). In this State, the rule has been formulated that, if property bequeathed or devised is not found in the estate of a testator, an ademption takes place or the principles of ademption apply. The ademption is a conclusion of law which prevails without regard to the intention of the testator, the hardship of the case, or the injustice of the result (*Beck* v. *McGillis,* 9 Barb. 35, 57, 59, *supra*; *Matter of Brann,* 219 N. Y. 263, 268; the dissenting opinion in the Appellate Division in *Matter of Ireland, supra*). A finding in favor of the appellant as to the intention of the testatrix would not be entirely decisive of the case. Nevertheless, section 14 of the Decedent Estate Law cannot be completely disregarded (see, e.g., *Youngs* v. *Youngs,* 45 N. Y. 254).

The old English law, which so strongly inhibited disinherison and induced the courts in construing devises to lean in favor of the heirs, was not favored in this State or in this country, where there was no policy favoring the accumulation of estates in families, succession in perpetuity, or the perpetuation of estates in a single male descendant (*Lynes* v. *Townsend,* 33 N. Y. 558, 570; *Lessee of Smith* v. *Jones,* 4 Ohio 115, 121–122).

The old English law provided that a will spoke of real property as of the date of its execution and therefore a general devise of real property would not pass title to real property, purchased after the execution of the will, to the devisee. That

rule of law was also law in this State until 1830, when the predecessor statute of section 14 of the Decedent Estate Law (Rev. Stat. of N. Y., part II, ch. VI, tit. I, § 5) became effective and provided that '' Every will that shall be made by a testator, in express terms, of all his real estate, or in any other terms denoting his intent to devise all his real property, shall be construed to pass all the real estate, which he was entitled to devise, at the time of his death.'' (*Parker* v. *Bogardus,* 5 N. Y. 309; *Quinn* v. *Hardenbrook,* 54 N. Y. 83; *Youngs* v. *Youngs, supra;* *Lynes* v. *Townsend, supra.*)

England, which formerly drew such sharp distinctions between real and personal property in the administration of estates, has realized the incongruity of the tradition in our modern society and has recognized it by legislation abolishing in many respects the distinction between real and personal property (1937 Report of N. Y. Law Rev. Comm., pp. 961, 971). At least partial recognition of the incongruity was shown when, prior to 1840, the English Parliament adopted legislation providing that '' every will shall be construed with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will.'' (*Quinn* v. *Hardenbrook, supra,* p. 89; *Lynes* v. *Townsend,* 33 N. Y. 558, *supra.*) In *Quinn* v. *Hardenbrook* (54 N. Y. 83, 89, *supra*) REYNOLDS, C., in his concurring opinion, said that it '' is to be observed that in our statute, all the real estate of which the testator is seized at the time of his death, shall be deemed to pass to the devisee if it appear that the testator so intended; and in the English statute the will shall be held to pass all the real estate the testator had at the time of his death, ' unless a contrary intention shall appear by the will.' Although the *onus* of construction appears to be inverted, the principle of the two statutes is substantially the same.''

In *Castle* v. *Fox* (L. R. 11 Eq. 542 [1871]), the construction of the English statute quoted in the preceding paragraph was involved. The testator had devised his mansion and estate called '' Cleeve Court '' with the appurtenances. Before the date of the will, he had contracted to purchase an estate near and adjoining the Cleeve Court estate, which was conveyed to him subsequently. After the date of his will, he also purchased several other small properties adjoining the Cleeve Court estate. The court held that evidence was admissible to show what property the testator designated by the particular description up to the time of his death, and that all the property acquired after

the date of the will and treated by the testator, immediately before his death, as additions to the Cleeve Court estate, passed under the particular devise. There may be some statements in the opinion in that case which seem somewhat in conflict with the language in some opinions of New York courts (see, e.g., the statement on page 551 as to the residuary clause; *Youngs* v. *Youngs,* 45 N. Y. 254, *supra*). But particular attention is directed to the following statement by the Vice-Chancellor p. 551): '' Many cases have been put by way of illustration, and I think the case in Mr. *Jarman's* book * * * about the house in *Grosvenor Square* is a very good one. Suppose a testator has a house in *Grosvenor Square,* and he says in his will, ' I give my house in *Grosvenor Square;* ' then suppose he sells the house he had at the date of his will, and buys another in *Grosvenor Square;* my opinion is (and I have not a doubt about it), that under that general description, ' my house in *Grosvenor Square,*' the house would pass. The Legislature says I must read the will as if it were made immediately before the death of the testator. Doing that, I find he has a house in *Grosvenor Square,* and that must necessarily pass. But if he adds a description shewing that he meant a particular thing only — if, for instance, he says, ' I give my house No. 2, *Grosvenor Square,*' and if he afterwards sells that house, and buys No. 6, I am equally clear that No. 6 would not pass, because a contrary intention is expressed. He has sold the house No. 2, and has no longer got it, and the devise is adeemed by the sale of that house, and you cannot apply the general description of ' my house ' where he has specifically described the house by name.''

In *Waldo* v. *Hayes* (96 App. Div. 454), it was held that any article which the testator owned at the time of his death, which answered the description of an article bequeathed, passed under the will to the legatee named therein — although this article was not the identical article owned by the testator at the time the will was executed. The opinion cited *Castle* v. *Fox* (L. R. 11 Eq. 542, *supra*) with approval. In *Brown* v. *Brown* (16 Barb. 569), after the execution of a will, the testator conveyed the property devised but it was reconveyed to the testator, who held title at the time of his death. It was held that the property would pass under the devise.

In *Milton* v. *Milton* (193 Miss. 563), the testator devised '' my home place '' to his wife for life, the remainder to his daughter. It was held that the devise covered his home, although he had sold the place that he owned when the will was executed and purchased other property. The court said that the statute per-

mitted a devise of property acquired subsequent to the execution of the will. Since the will became operative only at the time of the testator's death, prior to which time he had full control of it, the will must be interpreted as if made just prior to his death and apply to all property then owned by him, embraced within the will's description thereof, unless a contrary intent appeared.

Ordinarily, the devise of a particularly described building carries with it the land on which the building is situated. At the time of her death, the testatrix had and was in possession of a house and lot in Wading River, Long Island. Her property came within the description of "my house at Wading River, Long Island, together with its contents". It should not be held that the property described in paragraph Third of the will was not found in the estate of the testatrix at the time of her death or that the testamentary gift had been adeemed. The appellant was entitled to the aforesaid property (Decedent Estate Law, § 14; Real Property Law, § 250; *Castle* v. *Fox*, L. R. 11 Eq. 542, *supra*; *Waldo* v. *Hayes,* 96 App. Div. 454, *supra*; *Brown* v. *Brown,* 16 Barb. 569, *supra*; *Milton* v. *Milton,* 193 Miss. 563, *supra*; cf. *Ametrano* v. *Downs,* 62 App. Div. 405, affd. 170 N. Y. 388, *supra*; *Lynes* v. *Townsend,* 33 N. Y. 558, *supra*; *Matter of Brann,* 219 N. Y. 263, *supra*). The fact that the particular statutes applicable in *Castle* v. *Fox* (*supra*) and *Milton* v. *Milton* (*supra*) are not identical with section 14 of the Decedent Estate Law does not alter the relevancy of those decisions to the matter now at issue.

It is true that the testatrix did not have legal title to the land on which the building was newly affixed. It is also true that, in the absence of statute or agreement to the contrary, a building erected on the land of another becomes a part of the land and title to it vests in the landowner (*People ex rel. Hudson Riv. Day Line* v. *Franck,* 257 N. Y. 69). Nevertheless, the testatrix had an equitable title to the land. The fact that her title to the land was equitable, instead of legal, does not warrant any change in our determination (*Dodge* v. *Gallatin,* 130 N. Y. 117; *M'Kinnon* v. *Thompson,* 3 Johns. Ch. 307, 310; *Livingston* v. *Newkirk,* 3 Johns. Ch. 312, 316; *Williams* v. *Haddock,* 145 N. Y. 144, 150–151; Real Property Law, § 250; 1937 Report of N. Y. Law Rev. Comm., p. 980).

By statutory definition, the term real property includes real estate, lands, tenements and hereditaments, corporeal and incorporeal. (General Construction Law, § 40; Surrogate's Ct. Act, § 314, subd. 12; see Real Property Law, §§ 2, 59.) Within the

broad definitions of tenements and hereditaments (*Nellis* v. *Munson*, 108 N. Y. 453; *Canfield* v. *Ford*, 28 Barb. 336, 338; 19 Words and Phrases, Hereditament, pp. 394-395), an equitable title to land, based on a contract to purchase, is an interest in real property that will descend to heirs or devisees (Decedent Estate Law, § 11).

Even prior to the time that the amendment of the statutes, effective in 1830, permitted the devise of real property acquired subsequent to the execution of a will, the rule was that, when a person was in possession under a contract to purchase or under equities which the court would enforce, such rights and equities would pass under a devise subsequently made, and would carry the legal title if it were acquired prior to the testator's death (*Dodge* v. *Gallatin*, 130 N. Y. 117, *supra*). The court would consider equitable interests founded on a contract to purchase, executed prior to the devise, and which equity would enforce, as real estate which would pass by the devise (*M'Kinnon* v. *Thompson*, 3 Johns. Ch. 307, *supra*) and, if there were no devise, it would descend to the heirs (*Livingston* v. *Newkirk*, 3 Johns. Ch. 312, *supra*; cf. Real Property Law, § 250; 1937 Report of N. Y. Law Rev. Comm., p. 980).

The legacy of the contents of the house means whatever might be therein at the time of the death of the testatrix; such contents pass under the will to the appellant (*Matter of Thompson*, 217 N. Y. 111; *Matter of Snowden*, 140 Misc. 870, 874, mod. 235 App. Div. 862). No distinction should be made between those contents and the house and lot in the disposition of this appeal. Although all distinction between real and personal property in the administration of estates has not been obliterated (see, e.g., Decedent Estate Law, §§ 10, 15), the tendency, in our modern society, has been to erase such distinctions (1937 Report of N. Y. Law Rev. Comm., pp. 961, 971; see, e.g., Decedent Estate Law, § 83).

The decree should be reversed on the law, with costs to appellant, payable out of the estate, and matter remitted to the Surrogate's Court for further proceedings not inconsistent herewith.

NOLAN, P. J., BELDOCK, UGHETTA and HALLINAN, JJ., concur.

Decree of the Surrogate's Court, Queens County, reversed on the law, with costs to appellant, payable out of the estate, and matter remitted to the Surrogate's Court for further proceedings not inconsistent herewith.