OPINION OF THE COURT
Peter J. Kelly, J.
In this proceeding to determine, inter alia, that a specific devise of real property has adeemed, petitioner Marcia Fitzsimmons *484 (hereinafter Marcia) moves for summary judgment. Respondent Brenda Watson (hereinafter Brenda) opposes the motion.
The pertinent facts are not in dispute. In 1979, Lillian Hill (hereinafter decedent) and her husband William purchased the real property that is the subject of this proceeding as tenants by the entirety. Subsequent to the death of her husband, the decedent executed a last will and testament, dated February 3, 2003, wherein she specifically devised her real property to her two daughters, Brenda and Marcia, in equal shares subject to a life estate given to Brenda. The residuary clause of the will provided that Brenda and Marcia each would share 50% of the net estate.
Brenda, who resided in the premises with the decedent, subsequently became her mother’s attorney-in-fact. In such role, Brenda executed a deed transferring the property to herself three months before the decedent’s death in 2008.
After the decedent’s death, but prior to the decedent’s will being admitted to probate, Brenda mortgaged the subject premises for $101,750. Letters testamentary issued to Brenda and Marcia in May of 2009 and Brenda subsequently obtained a second mortgage on the premises for $215,000.*
Petitioner thereafter commenced several proceedings including a proceeding to compel Brenda to account as attorney-in-fact. Brenda, at the trial in her accounting proceeding (file No. 2008-3420/E), took the position that the real estate had been gifted to her in 2008. However, the court found that the aforementioned deed was to be “declared null and void.”
Marcia had also commenced a companion discovery and turnover proceeding against Brenda and the banking institutions who had issued the mortgages. In a previous decision and order which found issues of fact existed regarding the banks’ status as bona fide encumbrancers for value this court distinguished transactions that are void ab initio from those that are voidable, and found that the instant deed was voidable (see Matter of Hill, 95 AD3d 889 [2012]).
Based on the above, Marcia now brings the instant construction proceeding seeking a determination that the specific devise of the real property has adeemed. Marcia contends that, since the real property was deeded to Brenda before decedent’s death, the deed was not void ab initio, and that since the deed was not *485 set aside until after her death, decedent was not seized of the subject real property at the time of her death. Consequently, Marcia posits that the specific devise in article three has adeemed and that the real property must pass in accordance with the residuary clause in the will. As Marcia and Brenda each share 50% of the residuary estate, the effect of any such ademption would solely be the extinguishment of the life estate granted to Brenda.
In opposition Brenda filed an answer contending that, since the court has already decreed that the predeath transfer of the property was invalid, the property should be disposed of to Brenda and Marcia in equal 50% shares subject to Brenda’s life estate pursuant to the intent of the testator as set forth in her will. Brenda’s answer also contains a counterclaim which, essentially, seeks the imposition of sanctions against Marcia.
Marcia now moves for summary judgment granting the petition and dismissing the counterclaim. Brenda opposed the motion and, by cross motion, seeks dismissal of the petition.
The principle of ademption is long-standing and can best be summarized as follows. When property that is the subject of a specific disposition is not in existence at the testator’s death because it has been lost, sold, exchanged, destroyed or otherwise changed in nature (unless such change is in name or form only) an ademption of the gift takes place (Matter of Brann, 219 NY 263 [1916]).
In applying the rule of ademption in cases where changes to such property have occurred, courts have solely looked for the fact of change itself. Neither the reason for the change nor the intent of the decedent regarding the disposition of the property in its current modified form is of import. What is deemed significant is whether or not the specific property that was to be transferred by the will was available for disposition (Matter of Wright, 7 NY2d 365 [1960]). The cause for such failure is irrelevant and the rule was applied without regard to extraneous issues or facts.
As would be expected, factual situations arose where the application of the rule of ademption was perceived to be arguably inequitable, contrary to a testator’s apparent intentions, or at odds with the realities of the marketplace. Thus, over the years, several legislative exceptions have been carved out of the general applicability of the law to certain scenarios where the exact item specifically disposed of could not be distributed as set forth in decedent’s will. (See EPTL 3-3.6, 3-4.3, 3-4.4, 3-4.5.)
Clearly, the facts of this matter do not fall within any of the *486 aforesaid statutory exceptions. At the same time, however, the facts at bar are clearly and fundamentally distinguishable from the cases where an ademption was found to have occurred.
In the instant matter, decedent did not have record title to the premises at the time the instrument was admitted to probate. However, the estate has now recovered title and the property is available to be disposed of pursuant to the terms of the will. Can the specific devise of the real property be found to have adeemed when, although not owned by the decedent at the time of her death, it is later recovered by the fiduciary of her estate and is available for disposition?
This court has found only two other reported cases where specifically devised property was recovered by a fiduciary after a decedent’s death, neither of which are factually on point. In the first, two parcels of real property had been condemned by the New York City Housing Authority and a condemnation award made. Subsequently, a dwelling that had been on one of the parcels was purchased from the Housing Authority. The Surrogate found that since the structure was an integral part of the condemnation proceeding and award, the specific devise of the property had adeemed and the subsequent repurchase of the house by the fiduciary was “merely a business proposition” for the fiduciary’s determination (Matter of Seaver, 195 Misc 475, 477 [1949]).
Eight years later, in 1957, another condemnation proceeding created an issue of whether a devise had adeemed. In this matter the decedent’s will devised her “house at Wading River, Long Island, together with its contents, to my daughter” (Matter of Charles, 3 AD2d 119, 121 [1957]). Subsequent to its execution, the property was condemned but, as part of the award, the owners were permitted to purchase the buildings located on the condemned property. Although decedent did so, relocated the house to another parcel of real property in Wading River and was in contract to purchase the property on which the structure was relocated, she died prior to the actual closing. The court found that, although legal title had not vested in the decedent, she had an equitable title in the real property which the courts would enforce and which could pass by devise (Matter of Charles).
This latter case proves instructive for the issues to be resolved herein. In the case at bar, although the decedent did not have record title to the subject real property at the time of her death due to its transfer by power of attorney to Brenda, Brenda’s deed was voidable at the time of the decedent’s death. Conse *487 quently, the decedent’s estate still had an equitable interest in the real property (see Matter of Charles at 125).
Marcia, in her role as fiduciary, asserted the estate’s equitable claims and, as a result, recovered title to the property. It is now unchanged in substance, existing in its original character, and, most importantly, available for distribution pursuant to the will (cf. LaBella v Goodman, 198 AD2d 332 [1993]).
In the court’s opinion, the fact that the specifically devised property is available and capable of being distributed in exact accord with the terms of the will at the end of the administration of the estate certainly trumps the fact that it was not so capable at the time of decedent’s death. Marcia, as fiduciary, had a duty to recover any estate property that was wrongfully in the possession of another. That being done, she should not now be allowed to dispose of same in a manner that is not only contrary to the provisions of decedent’s will but also to her own personal benefit. To the extent she contends Brenda should be required to forfeit her life estate due to her actions as attorney-in-fact, no statutory or common-law authority in support of this position exists. In any event, as a practical matter, due to the financial impact of the decisions of the court in the companion proceedings noted above, it is highly improbable that Brenda will be afforded the opportunity to avail herself of the life estate at issue.
Accordingly, Marcia’s motion for summary judgment on the branch of her petition seeking a determination that the specific devise of real property under the decedent’s last will and testament adeemed is denied and summary judgment is granted to Brenda on this issue. Since this first branch of Marcia’s motion is denied, so, too, are the second and fourth branches of her motion which seek distribution of the real property pursuant to the residuary clause of the decedent’s last will and testament and the turnover of documents and assets.
The third branch of Marcia’s motion seeking the dismissal of Brenda’s counterclaim for sanctions is granted. The court finds that the Brenda has failed to set forth any evidence that the Marcia’s conduct was frivolous: i.e., without merit in law or in fact or was undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or asserts material factual statements that are false (22 NYCRR 130-1.1).
Respondent’s cross motion is denied in its entirety.

 It appears a portion of the loan proceeds was utilized to satisfy the prior mortgage.