Matter of Keough (2021 NY Slip Op 03948)





Matter of Keough


2021 NY Slip Op 03948


Decided on June 17, 2021


Appellate Division, Fourth Department


Centra, J.P., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


328 CA 20-00519

[*1]IN THE MATTER OF THE ESTATE OF KATHERINE E. KEOUGH, DECEASED. ELEANOR SCHWARZ BEAMER, PETITIONER-APPELLANT; SUE S. STEWART, RESPONDENT-RESPONDENT.






BRENNA BOYCE PLLC, ROCHESTER (DAVID C. SIELING OF COUNSEL), FOR PETITIONER-APPELLANT. 
WARD GREENBERG HELLER & REIDY LLP, ROCHESTER (ERIC J. WARD OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


Centra, J.P.
 Appeal from an order of the Surrogate's Court, Monroe County (John M. Owens, S.), entered March 19, 2020. The order dismissed the amended petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the amended petition is reinstated, and judgment is granted in favor of petitioner as follows:
It is hereby ORDERED, ADJUDGED AND DECREED that the payments made to the estate of Katherine E. Keough under 34 USC § 20144 are after-acquired assets that shall be distributed pursuant to the laws of intestacy to the estate of Fred Schwarz.
Opinion by Centra, J.P.:
Introduction 
The issue raised in this appeal is whether assets acquired by a testator's estate after the death of the testator should be distributed pursuant to the terms of a will or by the laws of intestacy. We conclude that the after-acquired assets must pass by intestacy.
Facts and Procedural History 
William F. Keough (William) was one of the hostages who was held captive in Iran for 444 days between 1979 and 1981. William had three children, including Steven Keough (Steven). William died in 1985, and his wife, Katherine E. Keough (Katherine) died testate in September 2004. In her will, Katherine devised the residuary of her estate to her stepson, Steven. Katherine's sole distributee under New York's laws of intestacy was her brother, Fred Schwarz (Fred) (see EPTL 4-1.1 [a] [5]). Fred died intestate in August 2018; petitioner is Fred's cousin and the administrator of Fred's estate.
In 2015, Congress enacted the Justice for United States Victims of State Sponsored Terrorism Act (Act), which provided monetary compensation to former Iranian hostages and their family members (34 USC § 20144). Under the Act, William was entitled to $4.4 million; Katherine was entitled to $600,000; and each child of William was entitled to $600,000 (34 USC § 20144 [c] [2] [B], [C]). Under the Act, if a person entitled to compensation is deceased, payment from the fund is to be made "to the personal representative of the estate of that person" (34 USC § 20144 [d] [1]).
In 2019, by amended petition petitioner sought declaratory relief and named as interested [*2]parties Sue S. Stewart, who is the executrix of Katherine's estate (respondent), and Steven. Petitioner asserted that the award under the Act to Katherine's estate is not property that Katherine was entitled to dispose of at the time of her death, and thus such property is not subject to the will and must be distributed by the laws of intestacy. Petitioner therefore sought a declaration that the payments now becoming a part of Katherine's estate are after-acquired assets that pass to Fred's estate by the laws of intestacy. Respondent filed an answer and objections to the amended petition, arguing that the payments should be distributed under the residuary clause of Katherine's will. Surrogate's Court agreed with respondent and dismissed the amended petition, and we now reverse.
Discussion 
EPTL 3-3.1 provides that, "[u]nless the will provides otherwise, a disposition by the testator of all his [or her] property passes all of the property he [or she] was entitled to dispose of at the time of his [or her] death." Under the common law, a devise of personal property related to the time of the death of the testator, but a devise of real property related to the time of the execution of the will (see Lynes v Townsend , 33 NY 558, 563-564 [1865]; Van Vechten v Van Veghten , 8 Paige Ch 104, 116 [Ch Ct 1840]; Matter of Charles , 3 AD2d 119, 121-123 [2d Dept 1957]; Hirsch v Bucki , 162 App Div 659, 664-665 [1st Dept 1914]; Matter of Oliverio , 99 Misc 2d 9, 15 [Sur Ct, Cattaraugus County 1979]). Thus, real property acquired after the making of the will but before the testator's death could not pass by the will (see Dodge v Gallatin , 130 NY 117, 124 [1891]). The common-law rule was changed by section 14 of the former Decedent Estate Law, and thereafter EPTL 3-3.1, to provide that a devise of all property will pass all personal and real property owned by the testator at the time of his or her death (see Oliverio , 99 Misc 2d at 15-16).
Regarding property acquired by an estate after the death of the testator, case law is sparse, but is consistent with the language in EPTL 3-3.1 providing that only property that a testator is entitled to devise "at the time of his [or her] death" may be distributed pursuant to the terms of the will (see In re Van Winkle's Will , 86 NYS2d 597, 600 [Sur Ct, Broome County 1949]; Shaw Family Archives Ltd. v CMG Worldwide, Inc. , 486 F Supp 2d 309, 315 [SD NY 2007]). We are particularly persuaded by the decision in Shaw Family Archives Ltd. , which involved a dispute over ownership interest in Marilyn Monroe's right of publicity after her death. The court determined that New York law did not permit a testator to dispose by will of property that she did not own at the time of her death (id. at 315). The court cited to EPTL 3-3.1 and held that "[t]he corollary principle recognized by the courts is that property not owned by the testator at the time of his [or her] death is not subject to disposition by will" (id. ; see Nordwind v Rowland , 584 F3d 420, 432 [2d Cir 2009] [citing Shaw Family Archives Ltd. with approval]).
We agree with the reasoning in Shaw Family Archives Ltd. that the New York rule is grounded in the testator's lack of capacity to devise property he or she does not own at the time of death (see id. 315). It is well settled that a proponent of a will must establish that the testator possessed testamentary capacity (see EPTL 3-1.1). When determining whether a testator possessed testamentary capacity, courts examine the following factors: "(1) whether [the testator] understood the nature and consequences of executing a will; (2) whether [the testator] knew the nature and extent of the property [he or] she was disposing of; and (3) whether [the testator] knew those who would be considered the natural objects of [his or] her bounty and [his or] her relations with them" (Matter of Kumstar , 66 NY2d 691, 692 [1985], rearg denied 67 NY2d 647 [1986] [internal quotation marks omitted]). Here, Katherine did not have the testamentary capacity to dispose of assets she did not own at the time of her death because she could not have "kn[own] the nature and extent" of such assets at that time (id. ).
Respondent and the Surrogate rely on Marcus v Dufour (796 F Supp 2d 386 [ED NY 2011], affd sub nom. Marcus v Haaker , 481 Fed Appx 19 [2d Cir 2012]), but that reliance is misplaced. In that case, the dispute involved an award made by the Austrian General Settlement Fund (GSF), which was established by the Austrian government to compensate victims of past Nazi persecution in Austria (id. at 388). The GSF made an award to claimant Olga Dufour, who was the sole distributee of the will of her deceased mother, Amy Furmansky (id. at 389). The other claimants, who were the children of Dufour's deceased sister, Ilsa Haaker (hereafter, Haaker claimants), contended that they were entitled to half the award made to Dufour (id. ). The Haaker claimants argued that, under New York law, a person's will generally distributes only [*3]assets that he or she possessed at the time of death and, because Furmansky did not own the award at the time of her death, the GSF should have treated the award as if she died intestate (id. at 390, 393). The court analyzed the case under the doctrine of international comity, pursuant to which foreign decisions are generally enforced unless they were procured by fraud or decided by an unfair foreign court system (id. at 392). The court held that, based on the principles of international comity, the GSF's decision should be enforced (id. ). In determining that the GSF's decision was not unfair, the court acknowledged the legal principles set forth in EPTL 3-3.1 and the decision in Shaw Family Archives Ltd. , but held that "there is no ruling stating that GSF should be bound by New York's trusts and estates law in awarding reparations payments" (Marcus , 796 F Supp 2d at 393). In affirming the decision of the District Court, the Second Circuit held that the District Court correctly deferred to the GSF's determination under the principles of international comity (Marcus , 481 Fed Appx at 20). The court explained that "the Haaker claimants provide no authority nor any compelling reason why New York intestacy law should govern a determination made by a foreign adjudicative body such as the GSF" (id. ).
Thus, the award in Marcus was made by a foreign adjudicative body, and the courts decided to uphold the award under the principles of international comity. The courts in Marcus did not determine what the distribution of the award would be under New York law, but they certainly appeared to agree with the District Court in Shaw Family Archives Ltd. that, under New York Law, the distribution would be pursuant to the laws of intestacy.
Conclusion 
We therefore conclude that, under EPTL 3-3.1 and the general law of testamentary capacity, a testator may not dispose by will of property that is not owned by him or her at the time of his or her death. Accordingly, we reverse the order, reinstate the amended petition, and grant judgment in favor of petitioner, and we declare that the payments made to Katherine's estate under the Act must be distributed pursuant to the laws of intestacy to Fred's estate.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court