■ In the Matter of the Estate of FRANK T. POWERS, JR., Deceased. ALTHEA POWERS et al., Individually and as Executrixes of FRANK T. POWERS, JR., Deceased, Appellants.—In a proceeding for a judicial settlement of an executor's account and judicial construction of a will, the petitioners appeal from a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated November 1, 1988, which denied the construction of the will sought by the petitioners that the bequests in the decedent's will for the benefit of his daughters, Althea Powers and Marjorie P. Ade, are subject to and conditioned upon the transfer to his son, F. Thomas Powers, III, of certain shares of stock of corporations which are successors of Powers Chemco, Inc., so as to equalize the holdings of such stock among the decedent's three children in accordance with the terms of article FOURTH of the decedent's will.

Ordered that the decree is affirmed, without costs or disbursements.

Article FOURTH of the decedent's will states, in pertinent part, as follows: "Commencing with the calendar year, 1981, I extended my annual gift to include gifts to my five (5) grandchildren in addition to my three (3) children. However, it is my intention that ownership of my shares of common stock of Powers Chemco, Inc. (the 'Stock') shall have been equally divided among my three (3) children and their families. Accordingly, I give and bequeath all shares of the stock which I may own at the time of my death (the 'Remaining Shares') in the following manner".

The article then sets forth a formula for the equalization of the disposition of any remaining shares of the stock owned by the decedent at the time of his death, taking into account the unequal inter vivos transfers made by him from August 1981 through 1985 to his three children and their families. At the time of the decedent's death in April 1986 however, he had transferred all of his shares of the stock. Moreover, the families of Marjorie P. Ade and Althea Powers had collectively received 115 shares more than the family of F. Thomas Powers, III.

The appellants, individually and as executrixes of the estate, sought a construction of this article in the Surrogate's Court so that the bequests in the will to Marjorie P. Ade and Althea Powers were "subject to and conditioned upon their transferring the requisite number of shares of such stock

owned by them at the time of the Decedent's death so as to equalize the holdings of the Decedent's children in accordance with the terms of said Article FOURTH". The Surrogate's Court denied the construction sought by the appellants and determined that the bequest of the common shares of Powers Chemco, Inc., had adeemed by reason of their inter vivos transfer and that no argument was made, nor the requisite evidence produced, which would show that the inter vivos gifts were advancements.

Where, as here, there is a bequest of stock only, a very slight indication by the testator of an intention to give shares then in his ownership is sufficient to make a legacy specific (see, Matter of Security Trust Co., 221 NY 213, 221; Matter of Doehla, 104 Misc 2d 176, 177). The testamentary disposition in the case at bar clearly related to a segregated item which gave specificity to the bequest, and no alternative to the bequest was provided by the decedent (see, Matter of Wallace, 86 Misc 2d 175, 176-177). As such, the disposition was specifically bequeathed (see, EPTL 1-2.16; also, Tifft v Porter, 8 NY 516), and the principles of ademption apply (see, Matter of Brann, 219 NY 263; Matter of Charles, 3 AD2d 119; Matter of Baker, 106 Misc 2d 649). The testator's conveyance of his shares of the common stock of Powers Chemco Inc., during his lifetime was totally inconsistent with the previous testamentary disposition and acted to revoke it (see, EPTL 3-4.3; see also, Matter of Wallace, supra).

Moreover, the Surrogate's Court properly determined that the inter vivos transfers of stock did not constitute advancements (see, EPTL 2-1.5). Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.