*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 26, 2015                    519254
_____

In the Matter of the Estate
    of BERNARD BRAUNSTEIN,
    Deceased.

SUE ANN BRAUNSTEIN,
                        Respondent;            MEMORANDUM AND ORDER

EDWIN L. BRAUNSTEIN, as
    Executor of the Estate of
    BERNARD BRAUNSTEIN,
    Deceased,
                        Appellant.
_____


Calendar Date:  January 12, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

_____


        Lipsitz Green Scime Cambria, LLP, Buffalo (John Collins of counsel), for appellant.

        DeFilippo Law Firm, PLLC, Elmira (Gerald E. DeFilippo of counsel), for respondent.

_____


Clark, J.

        Appeal from an order of the Surrogate's Court of Chemung County (Hayden, S.), entered April 8, 2014, which granted petitioner's application, in a proceeding pursuant to SCPA 2102, to transfer certain properties that had been devised to her by decedent's will.

        On October 28, 2004, Bernard Braunstein (hereinafter decedent) executed his last will and testament.  Petitioner is

decedent's daughter and, pursuant to article IV of his will, was to be devised three parcels of real property in the Town of Elmira, Chemung County (hereinafter referred to as the Elmira parcels). Petitioner presently resides in the house situated on one of those parcels. Notwithstanding this devise, decedent deeded the Elmira parcels to Braunstein Family L.P. in 2007. Decedent was named as a limited partner in Braunstein Family and had a 99% ownership interest in it. ELB Management, LLC – which is owned by respondent, decedent's son and the executor of decedent's estate – owns the remaining 1% of Braunstein Family and is its general partner.

Decedent passed away on June 29, 2012, after which his will was admitted to probate and letters testamentary were issued to respondent. Petitioner then commenced this proceeding pursuant to SCPA 2102 and sought an order directing, among other things, that respondent transfer the Elmira parcels to her. Respondent opposed that relief, arguing that the Elmira parcels were not part of decedent's estate because they had been deeded to Braunstein Family. Surrogate's Court disagreed, declaring that the Elmira parcels remained part of the estate and that they must pass under the terms of decedent's will. Respondent now appeals.

Respondent contends that the devise of the Elmira parcels failed because they had "been given away, lost or destroyed during [decedent's] lifetime," a situation referred to as ademption (Matter of Wright, 7 NY2d 365, 367 [1960]; see EPTL 3-4.3; Matter of Brann, 219 NY 263, 267-268 [1916]; Matter of Powers, 166 AD2d 534, 535 [1990]). Initially, because the disposition of the Elmira parcels addressed "segregated item[s] which gave specificity to the [disposition], and no alternative to the [disposition] was provided by the decedent," the principles of ademption are applicable (Matter of Powers, 166 AD2d at 535; see EPTL 1-2.17, 3-4.3). Those principles are set forth in EPTL 3-4.3, which states that "[a] conveyance, settlement or other act of a testator by which an estate in his property, previously disposed of by will, is altered but not wholly divested does not revoke such disposition, but the estate in the property that remains in the testator passes to the beneficiaries pursuant to the disposition. However, any such conveyance, settlement or other act of the testator which is

wholly inconsistent with such previous testamentary disposition revokes it."  Ademption will not lightly be found under EPTL 3-4.3, which is construed strictly given that its terms permit a testator to nullify dispositions without engaging in the elaborate formalities ordinarily required to revoke his or her will, either in whole or in part (see EPTL 3-4.1; Matter of Maruccia, 54 NY2d 196, 204-205 [1981]).

After reviewing these principles, we find that an ademption has occurred and we reverse.  There is no dispute that decedent conveyed the Elmira parcels to Braunstein Family and, as such, he no longer owned them because "a partner [in a limited partnership] has no interest in specific partnership property" (Partnership Law § 121-701).  Although the Elmira parcels were deeded to Braunstein Family as part of an effort at estate planning, the intention of decedent in making the transfers is irrelevant to our analysis as to whether an ademption has occurred (see Matter of Wright, 7 NY2d at 368-369; Matter of Brann, 219 NY at 268).  Thus, because the conveyance of the Elmira parcels to Braunstein Family "wholly divested" the estate of them, we are constrained to find that, at the time of probate, the testamentary disposition of the Elmira parcels had adeemed because the parcels were not available for disposition to petitioner (EPTL 3-4.3; see Matter of Brann, 219 NY at 267).

Petitioner's remaining argument has been considered and found to be without merit.

McCarthy, J.P., Lynch and Devine, JJ., concur.


ORDERED that the order is reversed, on the law, with costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court