In the Matter of LILLIAN HILL, Deceased. MARCIA FITZSIMMONS, Appellant; BRENDA WATSON, Respondent. [24 NYS3d 378]—

In a probate proceeding in which Marcia Fitzsimmons, as

preliminary executor of the decedent's estate, petitioned, inter alia, pursuant to SCPA 1420 for the construction of a specific bequest in the decedent's will, the petitioner appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Queens County (Kelly, S.), dated January 22, 2014, as denied her motion for summary judgment on the branch of the petition which sought the construction of a specific bequest in the decedent's will as having adeemed, and, upon, in effect, searching the record, awarded summary judgment to Brenda Watson on that branch of the petition.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The decedent's will bequeathed her real property to her two daughters, Marcia Fitzsimmons and Brenda Watson, with Watson to have a life estate. Before the decedent's death, Watson used a power of attorney to deed the real property to herself, and she thereafter obtained a mortgage on the property. In an accounting proceeding commenced by Fitzsimmons, the Surrogate's Court found that the deed to Watson was null and void. In a related turnover proceeding against Watson and the mortgagee of the real property, the Surrogate's Court found that the deed to Watson was voidable, rather than void ab initio (*see Matter of Hill*, 32 Misc 3d 1243[A], 2011 NY Slip Op 51693[U] [Sur Ct, Queens County 2011]).

Based on the prior Surrogate's Court's orders, Fitzsimmons commenced this proceeding seeking, inter alia, a construction of the bequest of the real property as having adeemed. The doctrine of ademption provides that "[u]nless the property devised or the thing bequeathed was found in the estate of the [decedent] at the time of [his or] her death, the will was necessarily inoperative as to that provision" (*Matter of Charles*, 3 AD2d 119, 121-122 [1957]). Fitzsimmons asserted that because the deed to Watson was not void ab initio and was not declared void until after the decedent's death, the decedent did not own the property at the time of her death, having deeded it to Watson. As such, Fitzsimmons contended that the devise of the property in the will adeemed, and that the property should pass through the residuary estate, which left 50% each to Fitzsimmons and Watson, thereby cutting off Watson's life estate.

Under the particular circumstances of this case, the Surrogate's Court properly held that the specific devise of property should not be determined to have adeemed, although it was not owned by the decedent at the time of her death. The deed by which the property was transferred to Watson was voidable,

and thus, the decedent retained equitable title to the property, which title reverted to her estate when Fitzsimmons successfully asserted the estate's claims to it (*see Matter of Charles,* 3 AD2d 119 [1957]; *Matter of Dittrich,* 53 Misc 2d 782 [Sur Ct, Queens County 1967]). Accordingly, the Surrogate's Court properly denied Fitzsimmons's motion for summary judgment and, upon, in effect, searching the record, awarded summary judgment to Watson. Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.