Matter of Johnson (2022 NY Slip Op 00425)





Matter of Johnson


2022 NY Slip Op 00425


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-08646
2019-09415

[*1]In the Matter of Marshall Johnson, etc., deceased. Bruce Allen, et al., petitioners-respondents; George Singley, et al., objectants-appellants. (File No. 3456/17)


Spizz & Cooper, LLP, Mineola, NY (Harvey W. Spizz of counsel), for objectants-appellants.
Profeta & Eisenstein, New York, NY (Fred R. Profeta, Jr., of counsel), for petitioners-respondents.



DECISION & ORDER
In a probate proceeding in which the executors, Bruce Allen and Robert Graves, petitioned to judicially settle their intermediate account of the estate of Marshall Johnson, the objectants appeal from (1) an order of the Surrogate's Court, Suffolk County (Theresa Whelan, S.), dated June 28, 2019, and (2) an intermediate decree of the same court dated July 29, 2019. The order denied the objectants' motion for summary judgment and, upon, in effect, searching the record, awarded summary judgment to the petitioners on that branch of the petition which sought the construction of a certain bequest in the decedent's will as having lapsed or adeemed, and dismissed the objections to the accounting. The intermediate decree judicially settled the intermediate account as filed, denied the objectants' motion for summary judgment and, upon, in effect, searching the record, awarded summary judgment to the petitioners on that branch of the petition which sought the construction of a certain bequest in the decedent's will as having lapsed or adeemed, and dismissed the objections to the accounting.
ORDERED that the appeal from the order is dismissed, as the order was superseded by the intermediate decree; and it is further,
ORDERED that the intermediate decree is modified, on the law, (1) by deleting the provision thereof judicially settling the intermediate account as filed, and (2) by deleting the provisions thereof, in effect, searching the record and awarding summary judgment to the petitioners on that branch of the petition which sought the construction of a certain bequest in the decedent's will as having lapsed or adeemed, and dismissing the objections to the accounting; as so modified, the intermediate decree is affirmed, and the matter is remitted to the Surrogate's Court, Suffolk County, for further proceedings consistent herewith; and it is further,
ORDERED that one bill of costs is awarded to the objectants.
The decedent, Marshall Johnson, executed a will dated May 25, 1994. Paragraph THIRD of the will stated: "In the event that I die seized and possessed of any interest in the Trust under the Last Will and Testament of Alice G. Kaestner or should that Trust terminate and I receive [*2]net proceeds therein, then in that event, I devise and bequeath TWO-THIRDS of the net proceeds to GEORGE SINGLEY and ONE-THIRD TO KATHERINE DANNENBERG."
The objectants, George Singley and Katherine Singley Dannenberg, are the decedent's maternal first cousins. The decedent devised the remainder of his estate to the petitioners, Bruce Allen and Robert Graves.
The decedent died on July 21, 2017. The "Trust under the Last Will and Testament of Alice G. Kaestner" (hereinafter the trust), which is the subject of this appeal, terminated prior to the decedent's death, and certain proceeds therefrom were distributed to the decedent during his lifetime. Upon termination of the trust, the principal assets of the trust consisted of certain corporate stock, rents, and cash. According to the objectants, the decedent received a total of $836,854.90 from the trust.
The petitioners filed the instant petition, inter alia, seeking a construction that the bequest referred to in Paragraph THIRD had lapsed or adeemed. The objectants filed objections to the accounting, contending, among other things, that the bequest had not lapsed, and that they were entitled to distributions of at least $817,555.17, plus interest.
Thereafter, the objectants moved for summary judgment. In an order dated June 28, 2019, the Surrogate's Court denied the objectants' motion, and upon, in effect, searching the record, awarded summary judgment to the petitioners on that branch of the petition which sought the construction that the bequest referred to in Paragraph THIRD of the will had lapsed or adeemed, and dismissed the objections to the accounting. In an intermediate decree dated July 29, 2019, the court judicially settled the intermediate account as filed, denied the objectants' motion for summary judgment, and, upon, in effect, searching the record, awarded summary judgment to the petitioners on that branch of the petition which sought the construction that the bequest referred to in Paragraph THIRD of the will had lapsed or adeemed, and dismissed the objections to the accounting. The objectants appeal.
"A specific disposition is a disposition of a specified or identified item of the testator's property" (EPTL 1-2.17). "[U]nless the subject of a specific legacy exists, unchanged in substance, at the date of the will, there results an ademption, complete or partial according to the facts" (Matter of Brann, 219 NY 263, 267). A specific bequest fails if the article specifically bequeathed has been given away, lost or destroyed during the testator's lifetime (see Matter of Wright, 7 NY2d 365, 367; Matter of Hill, 135 AD3d 938, 939). "A conveyance, settlement or other act of a testator by which an estate in his property, previously disposed of by will, is altered but not wholly divested does not revoke such disposition, but the estate in the property that remains in the testator passes to the beneficiaries pursuant to the disposition. However, any such conveyance, settlement or other act of the testator which is wholly inconsistent with such previous testamentary disposition revokes it" (EPTL 3-4.3).
Here, the subject bequest to the objectants, namely, the net proceeds received by the decedent under the trust, was a specific disposition (see id. § 1-2.17; Crawford v McCarthy, 159 NY 514, 519; Matter of Powers, 166 AD2d 534, 535), subject to whole or partial ademption (see EPTL 3-4.3; Matter of Wright, 7 NY2d at 367; Matter of Brann, 219 NY at 267; Matter of Hill, 135 AD3d at 939). However, questions of fact exist, inter alia, as to whether at the time of his death the decedent retained the property distributed to him upon the termination of the trust, such that it passes to the objectants pursuant to Paragraph THIRD of the will. Accordingly, the Surrogate's Court should not have judicially settled the intermediate account as filed, in effect, searched the record and awarded summary judgment to the petitioners on that branch of the petition which sought the construction that the bequest referred to in Paragraph THIRD of the will had lapsed or adeemed, and dismissed the objections to the accounting.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court